ELIZABETH HILL AND HUSBAND

*v.*

GEORGE H. EDWARDS.

E. executed to D. a warranty deed in the usual form for certain premises, the consideration expressed in the deed being $1000; also a promissory note for $450, with interest till paid at the rate of two per cent. per month, payable two years after date, and D. executed to E. a bond in the usual form, conditioned that D. would convey the same premises to E; upon payment of the note mentioned; these instruments were all executed by the parties at the same time. *Held,* that they constituted but one transaction, and are to be construed together; that the bond is a defeasance to the deed, and the transaction is a mortgage.

The deed and bond above mentioned were duly recorded, and subsequently to their record, and to the default of E. in the payment of the note, the premises were conveyed by warranty deed to H. the plaintiff in this action. The complaint does not allege an entry into the premises after condition broken, nor does it contain any averment of the transfer of the mortgage debt, nor in any manner refer to such debt, or state any facts showing an intention that the conveyance should operate as an assignment of the mortgage; but the action is based solely upon the theory that the deed to plaintiff was a conveyance in fee of the premises. *Held,* that the deed and bond being on record at the time of the conveyance to her, were notice.

That the mortgage is a mere incident to the debt, and the latter draws to it the former.

That a mortgagee has no conveyable interest in the premises mortgaged, until foreclosure sale, or at least until entry after condition broken, and a conveyance of the premises by the mortgagee, unless intended to operate as an assignment of the mortgage—which intention must be made to appear— is entirely inoperative.

A denial of the conveyance to the plaintiff forms a material issue.

Hill et al. v. Edwards.

This action was commenced in the District Court for Le Sueur county. The allegations of the complaint are substantially as follows: That on the 5th day of August, 1858, the defendant then being seized in fee simple and possessed of certain lands, (described in the complaint) executed a full warranty deed conveying such lands in fee simple to one Robert Bunker, in consideration of the sum of $1000, which deed was duly recorded the same day. On the same day Bunker executed a bond, of that date, to the defendant, in the usual form, the condition of which is as follows: viz: "That if the said Robert Bunker, his heirs, &c., shall and do upon the reasonable request of the said George H. Edwards, his heirs, &c., make, execute and deliver a good and sufficient warranty deed in fee simple, free from all incumbrances, except such as may arise by virtue of any tax assessed subsequent to the execution of this instrument, of the above described premises (the said lands) upon being paid the full sum of $450, with interest thereon at the rate of two per cent. per month until paid, two years from the date hereof, according to the conditions of a certain promissory note bearing even date herewith, then this obligation to be null and void, otherwise to remain in full force and virtue." Said bond was recorded Sept. 13, 1858; that defendant neglected and failed to pay said sum of money; that thereafter the said lands "were sold by said Robert Bunker, and on the 29th day of Sept. A. D. 1864, for the consideration of $600, Elizabeth Hill, one of the plaintiffs, became and was the purchaser in fee thereof, the deed whereof is recorded, &c., * * * which said conveyance to the said plaintiff contained the usual covenants of seizure and warranty, &c;" that defendant still claims a lien on said premises by virtue of said bond, and refuses to deliver up, cancel or discharge the same; that said claim is a cloud upon plaintiffs' title, and embarrasses them in the quiet use and enjoyment of said premises, to which they are entitled. The complaint demands that said cloud be removed by the cancellation

of said bond.   The answer alleges, among other things, that
prior to said 5th day of August, A. D. 1858, the defendant
and said Bunker had divers dealings, and on that day they
had an accounting, and the defendant was found to be indebted
to said Bunker in the sum of $450, and executed his note to
said Bunker for said sum, payable in two years with interest,
&c ; that said conveyance from defendant to said Bunker, and
said bond mentioned in the complaint, were executed in pur-
suance of an agreement to secure the payment of said note,
and for no other purpose ; and denies " that said Bunker on
the 29th of September, 1864, or at any other time, sold the
said lands to the said Elizabeth Hill, or that she at any time
became the purchaser of the said lands in fee or otherwise
from said Bunker, and denies that any deed from said Bunker
to said Elizabeth Hill is of record."   The plaintiffs demurred
to the answer upon the ground, that " it did not state facts
sufficient to constitute a cause of defense."   The demurrer
was overruled by the court below, and from the order over-
ruling the same, the plaintiffs appeal to this court.

E. ST. JULIEN COX, for the appellants.

I.   Defendant does not aver payment of the bond, or tender
readiness or willingness to pay the sum due on the bond, nor
does he ask any affirmative relief, nor does he allege *fraud,
mistake* or *surprise*.   5 Minn. 178 ; 6 Hill, 219 ; 1 Paige, 77 ;
12 Wend. 61 ; 4 Barb. 138 ; 2 Phil. Ev. (1859) 645 ; 1 Story
Eq. sec. 203 ; 6 Minn. 89, 95 ; 1 Peters, 1 ; 7 Curtis, 419 ;
8 Minn. 87.

No action can be maintained by defendant on the bond ; it
is *functus officio*.   4. Johns. Ch. 89.

In this case the defendant does not even allege the note to
be in existence, nor yet that it is outstanding against him.

II.   The other allegations of denial of title in the answer
of defendant, we submit are not well taken.   He shows by

Hill et al. v. Edwards.

his admissions of making the deed to Bunker, and his default, a state of facts totally inconsistent with a plea of title in himself, and predicated upon the hypothesis that the deed is a mortgage, which is a conclusion of law, and the very question to be adjudicated by the court. It is not claimed Bunker made deed to plaintiff.

A. G. CHATFIELD, for respondent.

I. The denials contained in the answer, put in issue material allegations of the complaint. This alone is decisive against the demurrer, for the plaintiffs cannot have the relief demanded, or any relief, without sustaining such allegations.

II. The facts alleged in the answer, and admitted by the demurrer, constitute a full defense to the action:

1. The deed executed by defendant to Bunker, and Bunker's bond of defeasance to defendant upon payment of the debt, for the security of the payment of which the deed and bond were made, constitute a mortgage. The only interest or estate in the land thus acquired by Bunker, was that of a mortgagee. 2 Story Eq. Jur. sec. 1018 to 1020; 4 Kent. Com. 144, 8th Ed.; *Conway's Ex'rs. v. Alexander*, 7 Cranch, 218; *Hughes v. Edwards*, 9 Wheaton, 489; *Day v. Dunham*, 2 John. Ch. Rep. 189. Same case in Court of Errors, 15 John. Rep. 555; *James v. Johnson et al.*, 6 John. Ch. Rep. 417; *Henry v. Davis*, 7 John. Ch. Rep. 40; *Clark v. Henry*, 2 Cow. 324; *Lane v. Shears*, 1 Wend. 433.

2. The mortgagor is not by the mortgage divested of his legal title to the mortgaged premises, nor does his default in the performance of the condition of the mortgage have that effect; but he holds the fee until foreclosure. 1 Smith's Lea. Cases 664 (Hare & Wallace's Ed.) note to *Keech v. Hall*, and the authorities there cited. And the interest of the mortgagee before foreclosure, is only a chattel interest—same authorities; 3 John. Ch. Rep. 129; 2 Story Eq. Jur. sec. 1016 and note 1.

3.   A conveyance by a mortgagee, intended to pass his interest as an *estate*, and not as a *security*, is wholly inoperative. Same authorities; 2 Cow. 145; 11 Wend. 533; 19 John. Rep. 325.   The conveyance by the mortgagee of his interest in the land, without an assignment of the debt, is a nullity.   The debt, and the mortgage securing its payment, are inseparable. The latter is an incident to the former, and is upheld by it, and by it only.   Same authorities.

In this case the plaintiffs claim as grantees of the mortgagee. They claim the title in fee by deed of conveyance of the land from Bunker, and not as assignees of the mortgage, or the mortgage debt.   The conveyance under which they claim is void—a nullity.

III.   The plaintiffs do not by their complaint bring themselves within the protection, or claim the benefit of sec. 27 of the statute of deeds and mortgages—Comp. Stat. 400.   They could not do so.   The bond of defeasance was recorded long before the conveyance to plaintiffs, and they are seeking to have that bond canceled, because (as they allege) it is a cloud of record upon their title.   The answer shows that the plaintiffs have not any title whatever to the premises; not even a mortgagee's interest, to entitle them to a decree of foreclosure. Not owning the mortgage debt, they have no right whatever under the deed, and hence must be dismissed, taking nothing by their action.

*By the Court*—McMILLAN, J.—As to what constitutes a mortgage, the law is so well settled as to obviate any necessity of discussing the question.   The particular form of words of the conveyance are unimportant; and it may be laid down as a general rule, subject to few exceptions, that whenever a conveyance, or assignment, or other instrument transferring an estate, is originally intended between the parties as a security for money, whether this intention appear from the same instrument, or from any other, it is always considered in

Hill et al. v. Edwards.

equity a mortgage. 2 Story Eq. Jur. sec. 1018 ; 4 Kent. 142; *Whittick v. Kane et al.* 1 Paige Ch. 203. In the case under consideration, the deed from Edwards to Bunker is, on its face, an absolute conveyance in fee simple; the bond from Bunker to Edwards is an ordinary bond for a deed, containing no reference in terms to the deed from Edwards, and upon its face does not appear to be in the nature of a defeasance to the deed, although executed at the same time. The answer, however, pleads an accounting between Bunker and the defendant Edwards, upon which the latter was found to be indebted to the former in the sum of four hundred and fifty dollars, and that for this sum the defendant made and delivered to Bunker, the promissory note mentioned in the bond, and an agreement between the parties by which Edwards was to secure the note by the conveyance of the land by deed in fee simple to Bunker and the latter was to execute to Edwards a bond for a re-conveyance of the land to him upon the payment of the note, and that the note, deed and bond, were severally executed pursuant to this agreement. It is urged that as no fraud in the transaction is charged in the answer, parol evidence is inadmissible to vary or contradict the deed, and the answer is, therefore, fatally defective. It may perhaps be conceded, that neither at law, nor in equity, can a written instrument be varied or contradicted by parol evidence, except in cases of fraud, accident or mistake. But this rule, we apprehend, is not applicable in this instance.

It appears upon the face of these instruments, and the fact is alleged in the pleadings, that the deed, note and bond, were all executed at the same time ; they are therefore parts of a single transaction, and are to be construed together. Applying this rule, there is no doubt that the instruments constitute a mortgage. The consideration expressed in the deed from Edwards to Bunker, is one thousand dollars ; the note described in the bond from Bunker to Edwards, upon the payment of which Bunker is to convey the premises to

Edwards, is for four hundred and fifty dollars, with interest at the rate of two per cent. per month till paid, payable two years after date. To consider this as an absolute deed by Edwards, and the bond as a conditional sale by Bunker, we find Bunker paying for the premises one thousand dollars, and immediately contracting with Edwards for a re-sale of the same premises at four hundred and fifty dollars, or at the expiration of two years, for six-hundred and sixty-six dollars, not one-half of the purchase price of the premises. This, to say the least, is inconsistent with the usual mode of transacting business, and would tend strongly in itself to show that this transaction was not a sale. If the deed and bond in this case were contained in a single paper, there can be no doubt it would be a mortgage, differing but little in form from the usual mortgage deed. The fact that they are on separate papers, does not in equity change the nature of the transaction; they are to be read together, and the bond must be regarded as a defeasance to the deed. 1 Greenl. Ev. sec. 283, *Holbrook v. Finney*, 4. Mass. 566; *Holmes v. Grant*, 8 Paige Ch. 255; *Kerr v. Gilman*, 6 Watts 406; *Kelly v. Thompson*, 7 Watts 403 ; *Friedly v. Hamilton*, 7 Serg. & R. 70 ; *Harrison v. Leman and others*, 3 Blackf. 51.

In this light the transaction assumes the natural features of a loan and security for money, and is in harmony with the ordinary course of business transactions of this character. The court below was therefore right in holding the transaction to be a mortgage. This being the case, and the instruments being properly on record, they were notice to the plaintiffs.

The equity of redemption is an incident inseparable from a mortgage ; 2 Story Eq. Jur. sec. 1019; 4 Kent. 142, and when it is once determined that a given instrument or transaction is a mortgage, it is a familiar principle that it always remains a mortgage. The default of the mortgagor does not change nor defeat the equity of redemption. *Newcomb v. Bonham*, 1 Vern. Ch. 7. The instrument then being a mort-

Hill et al. v. Edwards.

gage, are the plaintiffs entitled to a foreclosure in this action? They ask no such relief in their complaint, but demand the cancellation of the bond, as a cloud upon their title; nor is there any general prayer for relief. But waiving the consideration of this point, we will examine whether there are facts stated in the complaint entitling the plaintiffs to a foreclosure. The complaint does not allege an entry into the premises after condition broken; nor does it contain any averment of the transfer of the mortgage debt; nor does it in any manner refer to the mortgage debt, or show any intention that the debt should pass by the conveyance. But the action is based solely upon the theory that the deed to the plaintiff Elizabeth Hill, was a conveyance in fee of the premises, and vested in her the fee simple thereto. Assuming for the present, that a conveyance in fee is properly alleged, did it under these circumstances, pass any interest in the mortgage to the plaintiffs? We regard the doctrine as settled by the great weight of authority, that a mortgage is a mere security for the debt, and the debt draws to it the mortgage as its incident. The mortgagee has no *conveyable* interest in the mortgaged premises, until foreclosure sale, or at least until entry after condition broken, and a conveyance of the premises by the mortgagee to a third party, unless, at least, intended to operate as an assignment of the mortgage and transfer of the mortgage debt, is entirely inoperative, and such intention must be made to appear. Story Eq. Jur. sec. 1016; Hilliard on Mortg. Ch. 11 sec. 10–40, and authorities cited. *Bell v. Morse,* 6 N. H. 210; *Whittemore v. Gibbs,* 4 Fost. 484.

Under the facts as they appear in this case, we think the conveyance did not operate as an assignment of the mortgage. This conclusion is only strengthened by the fact suggested in the plaintiffs' brief, that it is not claimed that the conveyance to her was immediately from Bunker. The plaintiffs therefore have no right to a foreclosure. But there is another ground which disposes of this demurrer. The allegation of title con-

tained in the complaint is in the following form.   After alleg-
ing the making of the bond as an executory contract of sale,
and averring the failure of the defendant to perform the con-
dition of the bond, the complaint proceeds, " and the plaintiffs
show that thereafterwards the said above described land was
sold by said Robert Bunker ; and on the 29th day of Septem-
ber, A. D. 1864, for the consideration of $600, Elizabeth Hill,
one of the plaintiffs, became and was ·the purchaser thereof,
the deed whereof is recorded, &c., which said conveyance con-
tains the usual covenants of seizin and warranty, &c." The
answer of the defendant expressly denies that Bunker at any
time sold the premises to plaintiff, Elizabeth Hill, or that she
at any time became the purchaser thereof from said Bunker,
and denies that any deed of conveyance of said premises from
Bunker to her is on record.   If this is a good denial, it of
course raises a vital issue.   If it is not intended in the com-
plaint to allege that the conveyance to Elizabeth Hill was
immediately from Bunker, there is no allegation of title in the
plaintiff, and no denial is necessary.   It appears from all the
pleadings that the title to the premises was originally in the
defendant Edwards, and the complaint avers that the premises
were conveyed by him to Bunker by the deed, which the de-
fendant claims is a mortgage.   The mere allegations of a sale
by Bunker, without alleging a conveyance from him, is insuffi-
cient, and if the conveyance alleged to be to the plaintiff, is
not a conveyance from Bunker, no other conveyance by him
is alleged ; the title therefore is still in him ; a conveyance to
the plaintiff by a stranger is immaterial ; the plaintiff shows
no title and the action must fail.   But if the allegation is
treated as an averment of a conveyance from Bunker to the
plaintiff, Elizabeth Hill, then it is expressly denied by the
answer, and a material issue is raised.   In any event, there-
fore, the demurrer to the answer was properly overruled.