Gale v. Battin and wife.

ARTEMAS GALE,

*vs.*

JOHN BATTIN, *and wife.*

B. executed a mortgage of real property running to Hamilton, which was never recorded. Subsequently, Hamilton caused to be recorded a forged deed of warranty, purporting to run from B. to Hamilton, and to convey the mortgaged premises in fee. Thereafter Hamilton made a warranty deed of the same premises to M. G., and M. G. made a warranty deed of the same to Hart & Cobb. A. G. by sundry conveyances with warranty, acquired whatever Hart & Cobb acquired under the deed from M. G. At the time of the execution of the conveyances from Hamilton to M. G. and from M. G. to Hart & Cobb, the mortgage was not due, nor had there been any entry for condition broken, nor any foreclosure sale, and it did not appear that Hamilton

was ever in possession of the mortgaged premises. It further appeared that M. G. purchased in the belief that Hamilton was the *owner* of the premises, and that Hart & Cobb purchased in the belief that M. G. was the *owner* of the premises. It also appeared that neither M. G. nor Hart nor Cobb, knew of the *existence* of the mortgage until sometime after their respective purchases. *Held :* that under this state of facts, there was no intention to assign the mortgage, or mortgage debt and no assignment of either, and that A. G. did not become an assignee of the mortgage or mortgage debt, and was not entitled to foreclose the mortgage.

This action was brought in the district court for Washington county to foreclose a mortgage executed by defendants to one Hamilton, which mortgage the plaintiff claims has been assigned and transferred to him; issue was joined and the cause tried by a referee who reported in favor of defendants, and judgment was entered pursuant to the report; from such judgment the plaintiff appeals to this court. A sufficient statement of the case appears in the syllabus and opinion of the court.

BRISBIN & WARNER, for Appellant.

As there was no outstanding note or bond, and no covenant in the mortgage to pay, it constituted a mere charge on the land, giving the grantee, his representatives or assigns, the right to *raise* so much money out of the land after January 31st, 1861; therefore the conveyance by the mortgagee Hamilton, with usual covenants, operated as an assignment of his interest, and by the subsequent deeds the same in equity at least, passed to the plaintiff, who is now equitably entitled to all that Hamilton ever had. *Comp. Stat.*, 398, *sec.* 6; 8 *Minn. Rep.*, 232 ; *Washburn on Real Property*, 1st vol., *p.* 555, 556, 557, *and cases there cited ;* 6 *New Hampshire*, 210.

As this mortgage was not due until January 31st, 1861, and it does not positively appear either by answer or proof,

that the former suit was commenced after that date, the former litigation constitutes no bar to this action, on any rules of estoppel, which must be certain to every intent.

The former suit was brought to set aside a forged warranty deed; and the defendants, having a mortgage not due when that suit was commenced, could not in the nature of things constitute any defence to that suit. It had nothing to do with that case. *Daniel's Chancery Practice*, *p.* 1742, "*Cross Bill;*" 2 *Minn. Rep.*, 30; 9 *Minn. Rep.*, 103–6; *Lockwood vs. Bigelow*, 11 *Minn. Reports*, 113; 1 *Hop. Ch. R.*, 48, 58.

We can see no good legal reason why this judgment should not be vacated, and the cause remanded for decree of foreclosure. Justice can in no other way be administered between the parties. These parties are, in law, Hamilton's assigns; they purchased in good faith, and should be protected.

JOHN H. BROWN, for Respondents.

No part of the record in this cause is brought before the court except the report of the referee. There is therefore nothing in the case showing whether there was or not an "outstanding note or bond" given with said mortgage, or whether or not said mortgage contained a covenant to pay. Neither is there anything to show that Hamilton was the owner or holder of the mortgage at the time of his attempted conveyance of the land to Margaret Gale, between three and four years after the execution of the mortgage. It is hard to understand how Hamilton could transfer this mortgage to Margaret Gale in April, 1859, unless he owned it at the time. But the assumption that this mortgage was transferred by a warranty deed of the land, is wholly unfounded in and unsupported by the law. A mortgage interest before foreclosure is a mere chattel interest. 3 *John. Ch. Rep.*, 129; 1 *Bibb.*

*Rep.*, 526; 2 *Story's Eq. Juris.*, sec. 1016, *and note* 1; 1 *Smith's Lead. Cases*, 664. And a conveyance intended to pass the interest of the mortgagee as an estate and not as a security is wholly inoperative, 2 *Con. Rep.* 145; 11 *Wend. Rep.*, 533; 19 *John. Rep.*, 325; *See also Hill and wife vs. Edwards;* 11 *Min. Rep.*, 22.

But suppose the mortgagee's (Hamilton's) interest could be conveyed by a deed conveying the land simply. Then the question arises, was it so conveyed in fact, or in law? To which the respondents answer that the deed from Hamilton to Margaret Gale, (through which the plaintiff claims title) with all the other deeds mentioned were by a court of competent jurisdiction declared null and void so far as the same affected or beclouded the title and estate of these respondents. 8 *Min. Rep.*, 403.

Again: The subject of this action should have been interposed as a defence to the former action. It was "connected with the subject of the action," and it will not do for the appellant to undertake to excuse himself, by leaving it in doubt whether the mortgage was due at the time of the commencement of the former action, and assume that it was not due. Nor will it do for him to claim that his grantors had no knowledge of the existence of the mortgage until the trial of that action, for it appears that the action was tried on the 2d of September, 1861, and that judgment was not entered therein until February 25th, 1863. There was therefore near eighteen months between the trial and judgment, wherein this plaintiff's grantors slept on their rights rather than make an effort to interpose said mortgage by way of supplemental answer or otherwise. It appears further that this plaintiff did not purchase till after said trial, and therefore presumptively with full knowledge of all the facts.

But if he purchased in good faith and is entitled to protec-

tion, let him have his legal protection.    The deeds mentioned are all warranty deeds with usual covenants, and no claim that Hamilton or any of the parties are insolvent.    Why does not the plaintiff or his grantors sue Hamilton on his covenants?    The remedy at law is adequate.

*By the Court.*—BERRY, J.    The paper book in this case contains nothing except the report of the referee who tried the action below.    From this it appears that the respondents executed a mortgage of certain land to one Hamilton, which mortgage has not been recorded.    Hamilton shortly after caused to be recorded a deed purporting to be a conveyance of the same land in fee simple, with warranty, from the respondents to him, Hamilton.    Subsequently, and on the 21st day of April, 1859, Hamilton executed and delivered a warranty deed of the same premises to one Margaret Gale, who on the 18th day of July, 1860, conveyed with warranty, one-half of the same to Hart and the other half to Cobb.    The report further shows, that the said deed purporting to run to Hamilton and the deeds to Margaret Gale, to Hart and to Cobb, by a judgment rendered in a former action, brought for that purpose by the present respondents, as plaintiffs, " were set aside, vacated and annulled, and adjudged to be wholly and utterly void, so far as the same affect or beclouded the title and estate of the said plaintiffs in said action."    It was found in that action that the supposed deed to Hamilton was a forgery.

The appellant claiming title from Hart and Cobb, through sundry mesne conveyances, insists that the warranty deed from Hamilton to Margaret Gale, operated as an assignment of the mortgage to her, and that the effect of the subsequent conveyances, was to assign the mortgage to him, the appellant.    There is a great diversity of opinion as to the effect

of a conveyance of mortgaged premises by the mortgagee. See cases collected in 1 *Washburn on Real Prop.* page 519, *et seq.;* 1 *Hilliard on Mortgages*, 221, *et seq.;* 4 *Kent's Com.* 194. In *Hill vs. Edwards*, 11 *Minn.*, our views on this subject were expressed in the following language: "The mortgagee has no conveyable interest in the mortgaged premises, until foreclosure sale, or at least until entry after condition broken, and a conveyance of the premises by the mortgagee to a third party, unless at least intended to operate as an assignment of the mortgage, and transfer of the mortgage debt, is entirely inoperative, and such intention must be made to appear." The mortgage in this case was not due until January 31st, 1861, so that at the time of the conveyances to Margaret Gale and to Hart and to Cobb, the condition of the mortgage was not broken, and there could have been no foreclosure sale. Neither does it appear that Hamilton was ever in possession of the mortgaged premises. We discover nothing in the facts of this case indicative of any intention on the part of Hamilton, or of any of the parties claiming under him, to assign the mortgage, or transfer the mortgage debt. Indeed there is much to show conclusively, that no such intention could have existed in the minds of any of the parties. The mortgage has never been recorded. The forged deed purporting to convey the fee absolutely to Hamilton, *was recorded*, and that was the only title which he appeared to have upon the records. The referee finds that Margaret Gale purchased the land under the belief that Hamilton was the *owner* thereof, and that Hart and Cobb purchased under the belief that Margaret Gale was the *owner* thereof, and that they thereupon went into possession and made valuable improvements on the premises; that neither Margaret Gale, nor Hart nor Cobb had any knowledge or information sufficient to form a belief as to the *existence* of the mortgage until the

trial of the former action before mentioned. The former trial took place in September 1861—the deed from Hamilton to Margaret Gale, was executed in April 1859, and the deeds from her to Hart and to Cobb in July 1860.

In view of these facts we think there could have been no intention to assign the mortgage or mortgage debt, and no assignment of either by the conveyances. This conclusion disposes of the case and renders it unnecessary to consider the other points made on the argument.

The judgment is affirmed.