E. E. JOHNSON

*vs.*

LEONARD LEWIS et al.

Under the statutes of this State, an action cannot be maintained on a promissory note secured by a mortgage on real estate, until the mortgage security is exhausted.

A quit claim deed of mortgaged premises executed by the owner and holder of a note and mortgage to a person who must be regarded as a mere stranger thereto, before the maturity thereof, does not operate as an assignment or transfer of the note, mortgage or indebtedness secured thereby.

This cause comes to this Court by an appeal from an order of the District Court for Hennepin county, sustaining a demurrer to the reply. The case is fully stated in the opinion of the Court.

E. S. JONES for Appellant.

WM. LOCHREN for Respondents.

*By the Court*—McMILLAN, J.—This action is brought upon two promissory notes made by the defendants. The facts as they appear from the pleadings are as follows: On the 16th of March, 1859, L. Lewis and M. L. Lewis, the defendants, made two negotiable promissory notes, payable respectively in one and two years from the 1st of July, 1859, to Bradford & Garland, and at the same time executed to

said Bradford & Garland, a mortgage upon certain real estate. On the 6th of April, 1859, Bradford & Garland transferred the notes, and assigned the mortgage to Joel B. Bassett. On the 17th of August, 1859, Bassett transferred the notes, and assigned the mortgage to the plaintiff; but on the *9th of April*, 1859, Bassett executed to Bradford & Garland a quit claim deed of his interest in the mortgaged premises. Upon this state of facts the defendants claim that the mortgage is a subsisting and valid security for the notes, and under the act of March 8, 1860, which was in force when this action was commenced, must be exhausted before the action can be maintained. The plaintiff claims that the quit claim deed by Bassett to Bradford & Garland was a discharge and release of the mortgage. If the mortgage is a subsisting security, as claimed by the defendants, it is a good defense to this action.. *Sess. L.*, 1860, *ch. 48, p. 216*.

The only question therefore is as to the effect of the quit claim deed referred to. At the time of the execution of this deed, Bassett was the owner of the note, the mortgage, and the indebtedness secured thereby. Bradford & Garland, having parted with all their interest in the same, are mere strangers in this transaction.

An assignment of the debt draws the mortgage security after it as a consequence and as being appurtenant to the debt. "The assignment of the interest of the mortgagee in the land, without an assignment of the debt, is considered to be without meaning or use. This is the general language of the Courts of law, as well as of the Courts of equity; and the common sense of the parties, the spirit of the mortgage contract, and the reason and policy of the thing would seem to be with the doctrine." 4 *Kent Com.*, 194, *and authorities cited in N.* 6.

It has already been determined by this Court in the case

of *Hill vs. Edwards*, 11 *Minn.*, 22, that a conveyance by warranty deed of the mortgaged premises by the mortgagee to a third party before foreclosure, and before entry for condition broken, unless at least intended to operate as an assignment of the mortgage and transfer of the mortgage debt, is entirely inoperative. There is no allegation here that Bassett, by this conveyance, intended to transfer this debt or assign the mortgage; it distinctly appears that he retained both the note and mortgage. There is nothing in the character of the conveyance by Bassett, or the other circumstances of this case, which would distinguish it favorably for this plaintiff from the case of *Hill vs. Edwards*.

We are therefore of opinion, that the notes and mortgage are unaffected by the quit claim deed, and that the mortgage is a valid and outstanding security, which must be exhausted before an action can be maintained on the notes. The order sustaining the demurrer to the reply is affirmed.