### *AARON S. EVEREST

*vs.*

### BENJAMIN FERRIS. *et al.*

*Hill vs. Edwards*, 11 *Minn.* 22, and subsequent cases cited, followed, as to the effect of a quit-claim deed of mortgaged premises, executed by a mortgagee.

*Martin vs. Brown*, 4 *Minn*, 282, *and Hope vs Stone*, 10 *Minn.* 141, followed upon the point that a quit-claim deed passes only what the grantor therein could *lawfully* convey

This action was commenced in the district court for Mower county, to remove a cloud upon the plaintiff's title to certain lands in said county. The defendants Rawsons answered separately; the other defendants answered saying they had no interest in the premises. The following facts were found substantially, by the referee before whom the case was tried. On the 17th day of October, 1857, one Eliza Lockard purchased of the United States the lands in question, and on the same day executed a note for $200, payable in one year, to one Robert J. Templeton, for the money borrowed of Templeton to make the purchase, and also executed to Templeton to secure the payment of said note, a deed of conveyance of said premises, which was duly recorded October 26, 1857. Said Templeton on the same day executed to said Eliza, a bond for the re-conveyance of the premises, provided the said Eliza should pay said note at maturity, and all taxes that might be assessed on said premises; but in case said

---

*Chief Justice RIPLEY having been of counsel, took no part in the determination of this case.

note and taxes should not be so paid, said Templeton reserved the right to sell said premises at any time thereafter, time being the essence of the agreement.   The conveyance and bond were intended by the parties to operate as a mortgage.   Neither the said Eliza nor her assigns have paid or offered to pay said note.   The said Eliza was in the actual possession of said premises from her said purchase until December 28, 1858, and since then they have been unoccupied. On the 24th day of November, 1858, said Templeton transferred the note to the defendant Benjamin S. Ferris, and at the same time executed to him a quit claim deed of the premises, for the consideration of $200, and the deed was duly filed for record, December 1, 1858.   At the time of the transfer, said Ferris had full notice of all the facts.   On the said 24th day of November, 1858, but after the transfer from Templeton, the defendant Ferris in consideration of $250, executed to the defendants Hart Rawson and Harvey Rawson, a quit-claim deed of the premises, which was duly recorded December 1, 1858.   Ferris never transferred the note of the said Eliza to the Rawsons, but has always since the transfer to him retained the same in his possession, not as a valid claim against the said Eliza, but supposing his title to the said premises at the time of his transfer thereof to the Rawsons was absolute, and that any personal claim he held against the said Eliza had merged in said title, and that said note was worthless.   He also intended to convey and supposed he was conveying to said Rawsons, an absolute title to said premises, and all the title and interest which he had therein, either as security or otherwise.   At the time of the conveyance from Ferris to them, the Rawsons had no knowledge of the existence of said note, or of the bond from Templeton to the said Eliza, or of the equities of the said Eliza, other than what would be implied by

law from the form of conveyance, which they accepted, or from the fact of the occupancy of the premises by said Eliza. They were purchasers in good faith for a valuable consideration. On the 29th of March, 1860, the said Eliza, for the nominal consideration of ten dollars, assigned to the plaintiff and one D. B. Johnson, (who afterwards quit-claimed to plaintiff,) all her interest in said bond of Templeton, and executed to them a quit-claim deed of the premises, which assignment and deed were duly recorded. At that time the plaintiff and said Johnson had full knowledge of the transactions between the said Eliza and said Templeton, and of the default of the said Eliza in the performance on her part of the condition of said bond, but had no notice of the transfer from Templeton to Ferris, or from Ferris to Rawsons, except such as might be implied by law from the record and the character of the deed they accepted.

As conclusions of law the referee found,

*First.* That the transfer by the defendant Ferris, to the defendants Rawsons, transferred to and vested in them all the right, title and interest, either as mortgagee or otherwise, which said Ferris had in said premises, and also operated as a transfer of the mortgage debt, whereby the defendants Rawsons became, and still are possessed of a mortgage interest in said premises, to the extent of the principal and interest due on the note given by Eliza Lockard to Robert J. Templeton, and any taxes which they may have paid on said premises.

*Second.* That both by reason of the occupancy of said premises on the 24th of November, 1858, by said Eliza Lockard, and also from the character and form of the conveyance which they accepted from Benjamin S. Ferris, the defendants Rawsons are chargeable with notice of, and hold subject to all equities of Eliza Lockard and her assigns in said

premises; that, therefore, they took, and now hold only a mortgage interest in said premises, to the amount and extent above stated.

*Third.* That subject to the said mortgage lien of the defendants, Rawsons, the plaintiff is the owner in fee of the premises in question.

*Fourth.* That in a proper action, upon a proper showing, the plaintiff would be entitled to redeem said premises, and to demand a reconveyance thereof from the defendants Rawsons, upon payment of the amount due on their said mortgage; but that plaintiff is not entitled to the relief demanded in the complaint, and therefore,

*Lastly,* The defendants Rawsons are entitled to judgment against plaintiff for their costs and disbursements.

Judgment was entered pursuant to the finding of the referee, and the plaintiff appealed therefrom to this Court.

GORDON E. COLE, for Appellant.

JONES & BUTLER, for Respondents.

*By the Court*—BERRY J.—Upon the facts found by the referee, it is manifest that the interest of the defendant Ferris in the premises in controversy, was that of mortgagee. The referee finds "that said Ferris, in consideration of two hundred and fifty dollars, paid to him by the defendants Hart Rawson and Harvey Rawson, executed and delivered to them a quit-claim deed of conveyance, whereby he remised and released, sold, conveyed and quit-claimed to the defendants Rawsons, all his right, title, interest, claim and demand in or to said premises; that Benjamin S. Ferris did not, then or at any other time, transfer to the said Rawsons the said note against Eliza Lockard, although said note was then

and is still in his possession, nor, at the time of making said transfer to Rawsons, did said Ferris intend to retain said note as a valid or subsisting claim against said Eliza Lockard, but at the time of making said transfer, the said Ferris supposed that he then had absolute title to the premises in question, inasmuch as his title was absolute in form and the said Eliza Lockard had defaulted in the performance of the conditions of the bond given her by said Templeton, and supposed that any personal claim against said Eliza Lockard had merged in the title to said premises, and the said note become of no value; and he also intended to convey, and supposed he was conveying to said Rawsons, an absolute title to said premises, and all the title and interest which he had, either as security or otherwise therein; that at the time of the said conveyance to them from said Ferris, the said defendants Rawsons had no knowledge of the existence of said note, or of the bond from Templeton to Eliza Lockard, nor of the equities of said Eliza Lockard, other than what would be implied by law from the form of the conveyance, which they accepted from Ferris, or from the fact of the occupancy of the premises by said Eliza Lockard; that they were purchasers in good faith, for a valuable consideration, and supposed they were purchasing an absolute title to the premises in question." As conclusions of law, the referee found, "*First*: that the transfer as above stated by the defendant Benjamin S. Ferris to the defendants Rawsons, did transfer to and vest in the defendants Rawsons, all the right, title and interest, either as mortgagee or otherwise, which said Ferris had in said premises, and also operated as a transfer of the mortgage debt; whereby the defendants Rawsons became, and still are possessed of a mortgage interest in said premises, to the extent of the principal and interest due on the note given by Eliza Lockard to Robert J.

Templeton, and any taxes which they may have paid on said premises. *Second*; that both, by reason of the occupancy of the said premises on the 24th day of November, 1858, by said Eliza Lockard, and also from the character and form of the conveyance which they accepted from Benjamin S. Ferris, the defendants Rawsons, are chargeable with notice of and hold subject to all equities of Eliza Lockard, or her assigns in said premises; that, therefore, they took and now hold a mortgage interest in said premises, to the amount and interest above stated."

In *Hill vs. Edwards*, 11 *Minn.*, 22, it was said by this court, that the "mortgagee has no *conveyable* interest in the mortgaged premises until foreclosure sale, or at least until entry after condition broken, and a conveyance of the premises by the mortgagee to a third party, unless at least intended to operate as an assignment of the mortgage and transfer of the mortgage debt, is entirely inoperative, and such intention must be made to appear." The doctrine thus laid down, was followed and applied in *Gale vs. Battin*, 12 *Minn.*, 287; *Johnson vs. Lewis*, 13 *Minn.* 364; *Greve vs. Coffin*, 14 *Minn.*, 345.

Unless we are prepared to overrule this entire series of decisions, and we see no reason to do so, the referee's first conclusion of law cannot be sustained upon his findings of fact. Even admitting, what is by no means clear, that the referee has found that the quit-claim deed from Ferris to the Rawsons, was intended to operate as an assignment of the mortgage, he has not found as a fact, that it was intended to operate as a transfer of the mortgage debt. Indeed, to our minds, the facts found leave no room for doubt that no transfer of the debt was intended, or thought of by any party to the deed.

Without reference to the fact that the premises in contro-

versy were in the possession of Eliza Lockard at the time when the deed from Ferris to the Rawsons was made, we think that the second conclusion of law is sustained by the fact that said deed was a quit-claim deed, in common form. A deed of that character passes only the estate which the grantor could *lawfully* convey. *Pub. Stat.*, *Ch.* 35, *Sec.* 3; *Gen. Stat.*, *Ch.* 40, *Sec.* 4; *Martin vs. Brown*, 4 *Minn.*, 282 ; *Hope vs. Stone*, 10 *Minn.*, 141, and cases cited.

As Ferris had only a mortgage interest in the premises, and the Rawsons took by the quit-claim deed only what he could *lawfully* convey, and as he could lawfully convey nothing, unless his conveyance operated as an assignment of the mortgage and transfer of the mortgage debt, and as it did not so operate, it must follow that they took nothing by it.

In this view of the rights of the parties, the referee having found, that subject to the mortgage lien of the Rawsons, the plaintiff is the owner in fee of the premises in question, we deem it unncessary to consider any other points made upon the briefs of counsel.

Judgment reversed.