## A. S. McCammant et al. v. M. D. Roberts.

### No. 183.

**1. Construction—Mortgage—Case Adhered to.**
    McCammant v. Roberts, 80 Texas, 316, adhered to, holding certain instruments taken together to constitute a mortgage...................... ... 243

**2. Mortgagor Retains the Title.**
    In this State a mortgagor retains the title to the land mortgaged, and is entitled to possession, unless otherwise stipulated, after breach of the condition as well as before, until foreclosure ................................ 244

**3. Sale by Mortgagee.**
    The sale by a mortgagee of his interest in the mortgaged property will not, in this State, operate as a transfer of the mortgage unless there is something to indicate that it was intended to assign the mortgage.   So an administrator's sale of mortgaged property as assets of the mortgagee passes no title........................................ ....................... 244

**4. Subrogation.**
    A subvendee of a purchaser of land at probate sale in administration of the mortgagee will not be subrogated to the rights of the mortgagee, and so can not insist upon the repayment of the purchase money as a prerequisite to the recovery of the land by the mortgagor or his assignee................ 245

Error to Court of Civil Appeals for Second District, in an appeal from Taylor County.

The opinion gives sufficient statement.

*Chas. I. Evans*, for plaintiffs in error.—It will be observed that the mortgage does not give to Chamberlain, the mortgagee, the right to the possession of the certificate at all; in fact the certificate was not in existence at that time, the original having been lost and the duplicate not then having been issued. The power of attorney does give Chamberlain the right to the possession of the duplicate certificate when issued, as bailee or agent for Evans, but not as mortgagee. Jones on Chat. Mort., secs. 426, 427; Duty v. Graham, 12 Texas, 427; Hannay v. Thompson, 14 Texas, 142; Perkins v. Sterns, 23 Texas, 561; Mann v. Falcon, 25 Texas, 271; Morrow v. Morgan, 48 Texas, 308; Edrington v. Newland, 57 Texas, 633; Loving v. Milliken, 59 Texas, 429; Bosse v. Johnson, 73 Texas, 608; Rodriguez v. Haynes, 76 Texas, 225; 3 Pom. Eq. Jur., sec. 1188; Id., p. 164.

No brief on file for defendant in error.

BROWN, ASSOCIATE JUSTICE.—M. D. Roberts sued A. S. McCammant, H. O. Tyler, John B. Turner, and W. E. Stewart to recover a tract of land in Jones County patented to William T. Evans. The petition contained two counts, one in the form of a petition in trespass to try title, and the other setting out the facts in substance as stated hereafter, and praying a foreclosure of the mortgage set up, and that he be allowed to retain possession of the land until the mortgage debt was paid.

Defendants answered by numerous exceptions and special pleas, as well as a plea of not guilty.

C. P. Woodruff intervened in the suit, claiming to own the interest of Stewart in the land.

Upon trial the court gave judgment for the plaintiff for the land, which was affirmed by the Court of Civil Appeals.

The facts as found by the Court of Civil Appeals are, in substance, that the land was patented to W. T. Evans by virtue of certificate number 51, issued January, 1842, to W. T. Evans, in lieu of original headright certificate number 618, issued to said Evans by the board of land commissioners of Harrisburg County, June 28, 1838. On the 11th day of June, 1841, W. T. Evans executed and delivered to Charles Chamberlain two instruments, one of which was a power of attorney authorizing and empowering the said Chamberlain to apply for and receive a duplicate certificate in lieu of the original, which was lost, and to locate the said certificate and procure patent for the land in the name of the said Evans. The other instrument recited the making of the power of attorney, and contained the following clauses:

"Now know all men, that I, the said Evans, in consideration of the said services, and in further consideration of two hundred and fifty dollars to me in hand paid by the said Chamberlain (the receipt

whereof I do hereby acknowledge), have granted, bargained, sold, and released unto the said Chamberlain all of my interest, right, and claim of, in, and to the said duplicate certificate, and all the land that may be located under the same.

"To have and to hold the said granted premises unto the said Chamberlain, his heirs and assigns, forever. Provided always, nevertheless, that if the said Evans, his executors and administrators shall, within three months after the issuing of the patent referred to, make and execute a full and perfect legal conveyance of one-third of the said land to the said Chamberlain, his heirs, executors, and administrators, and shall moreover repay unto the said Chamberlain, his executors and administrators, within twelve months from the date of these presents, the said sum of two hundred and fifty dollars (with interest thereon if unpaid in said twelve months), then and from thenceforth these presents, and every matter and thing herein contained, shall cease, determine, and be utterly void, anything herein contained to the contrary notwithstanding."

The two instruments were executed at the same time and constituted one transaction. Chamberlain, under the contract, procured the duplicate certificate to be issued, and held possession of it until he died, in 1846. In 1851, administration having been granted upon the estate of Chamberlain, the Probate Court of Harris County ordered the sale of the duplicate certificate, which sale was made, and one Daws became the purchaser. The sale was confirmed, and Chamberlain's administrator transferred the certificate to Daws, who transferred it to W. R. Baker, who had it located and procured patent upon it in the name of W. T. Evans, in 1861, and sold the land to M. D. Roberts. Taxes were paid since 1864 by Baker and his vendee, except one or two years, and before the execution of the suit plaintiff had possession of the land. Defendants, or some of them, were in possession, but not claiming the land until the conveyance to them by Evans, May 10, 1883.

Quite a number of objections to the judgment of the Court of Civil Appeals have been urged in this court, but it is unnecessary to consider any of them except one, which in our opinion determines the disposition of the case.

The instrument quoted above was by this court, on motion for rehearing in the same case, on former appeal, held to be a mortgage, which we consider manifestly a correct construction of it. McCammant v. Roberts, 80 Texas, 316.

Chamberlain never acquired any title to the certificate, and the sale by his administrator could not of course convey any greater right than Chamberlain had. The right of the plaintiff must therefore depend upon his claim to the mortgage, and if he did not acquire the mortgage it is not necessary to discuss the rights of a mortgagee in possession.

The District Court and Court of Appeals assumed that the mortgage passed to the purchaser of the certificate at the administrator's sale, and by the subsequent transfer of the certificate and sale of the land was vested in the plaintiff. In this State a mortgagor retains the title to the land and is entitled to possession, unless otherwise stipulated, after breach of the condition as well as before, until foreclosed. Mann v. Falcon, 25 Texas, 276.

The power of attorney and the mortgage must be construed as if written in one instrument. So construed, it shows that Chamberlain loaned to Evans $250. Evans empowered Chamberlain to procure the certificate from the commissioners, and to locate it and procure patent in Evans' name for the land. Evans was to convey one-third of the land and repay the borrowed money. Chamberlain's right to a lien upon the land depended upon his discharge of the personal trust reposed in him. He had no power to sell the certificate for the purpose of repaying the borrowed money. Neither could he have had the certificate sold by a proceeding in court for that purpose, because that would have been repudiating the performance of his part of the contract which required him to locate it. His right was to hold the certificate as security for his advance, and to locate it for Evans, by which he would have acquired a lien upon the land for his debt. If Evans had prevented the location of the certificate he could not have compelled its surrender to him without paying the money; but this does not prove that Chamberlain could himself repudiate that part of the contract by which he undertook to locate the certificate, and, so disregarding his obligation, have subjected the certificate to the payment of the money borrowed. It was an entire contract, and in all probability the money advanced was to pay the expenses of location and survey, since no interest was to be paid until the lapse of twelve months, a time sufficient within which to have performed the work of locating and surveying the land. Whether we consider the mortgage as being upon the certificate or the land, when located, it was nothing but a lien, and did not invest Chamberlain with title.

The sale by a mortgagee of his interest in the mortgaged property will not, in this State, operate as a transfer of the mortgage, unless there is something to indicate that it was intended to assign the mortgage. Jones on Mort., sec. 808; Perkins v. Sterne, 23 Texas, 563; Miller v. Boone et al., 23 S. W. Rep., 574; Swan v. Yaple, 35 Iowa, 238; Aymar v. Bill, 5 Johns. Ch., 570; Peters v. Bridge Co., 5 Cal., 334; Nagle v. Macy, 9 Cal., 426; Delano v. Bennett, 90 Ill., 533; Greve v. Coffin, 14 Minn., 364; Hill v. Edwards, 11 Minn., 22; Gale v. Batten, 12 Minn., 287; Weeks v. Eaton, 15 N. H., 145.

A different rule obtains in some States, but it is based upon the doctrine that the mortgagee after condition broken has the legal title and right of possession. Welch v. Priest, 8 Allen, 165; Hunt v. Hunt, 14

Pick., 374; Dorkray v. Noble, 8 Me., 278. Such a doctrine is wholly inconsistent with the rules of law which govern the rights of mortgagor and mortgagee in this State. In its opinion, the Court of Civil Appeals said: "There is but little, if any, difference in principle between this case and that long line of decisions in this State which holds that a purchaser at a void judicial sale made to satisfy a valid lien, by reason of his subrogation to the lien, can hold the land until it is discharged."

Our courts have gone far in applying this equitable doctrine, but in no case has it been held that where a man's property has been sold under a judgment to which he was not a party, the purchaser acquires a right thereby against such owner of the property. The doctrine is founded upon the proposition that when the purchase money has been applied to the extinguishment of a lien upon the property sold, when the sale was made in a proceeding to enforce that lien, the purchaser will be subrogated to the rights of the lien holder. In this case the certificate was not sold as the property of Evans, but as belonging to the estate of Chamberlain; it was not sold to satisfy the mortgage debt, and there is no evidence that the purchase money was applied to the payment of that debt. The court that made the order could not have had jurisdiction to order the sale as against Evans, who was not a party to the proceeding. To apply the equitable doctrine of subrogation to a purchaser under such circumstances, and deny the owner of the property the right of possession under such conditions, would extend the rule beyond the limits of precedent or principle.

The purchaser at the administrator's sale acquired no title to the certificate, neither did he acquire a right to the mortgage, nor was he subrogated to any right of Chamberlain as to the debt due from Evans, or lien upon the land or certificate, and the District Court and Court of Civil Appeals erred in so holding, for which errors the judgments of the said courts are reversed, and judgment is here rendered that plaintiff in error M. D. Roberts take nothing by his suit, and that defendants go hence without day and recover of said plaintiff in error all costs in this behalf expended in all courts.

The intervenor, C. P. Woodruff, showed by uncontroverted evidence that he had acquired the title of defendant Stewart to that part of the land in controversy deeded to said Stewart, which is not denied by Stewart, and no evidence to the contrary appears. It is therefore ordered that the said C. P. Woodruff recover of the defendant, W. E. Stewart, the land described in the plea of intervention, with all costs of the intervention.

*Reversed and rendered.*

Delivered June 27, 1894.

A motion for rehearing was argued by John Boyer, attorney for defendant in error. The motion was overruled October 11, 1894.