**WILLIAMS et al. v. CONNOR BROS.**

**No. 3200.**

Court of Civil Appeals of Texas. El Paso.
May 9, 1935.

Rehearing Denied May 30, 1935.

J. A. Ward, of Mt. Pleasant, for appellants.

Henderson & Bolin, of Daingerfield, King, Mahaffey & Wheeler, of Texarkana, and C. E. Bryson, of Houston, for appellee.

HIGGINS, Justice.

Robert Williams, as the administrator of the estate of Steve Williams, and also as an heir of Steve and Minnie Williams, together with the other children and grandchildren of said Steve and Minnie Williams, both deceased, brought this suit December 22, 1933, against the individuals composing the copartnership of Connor Brothers to recover the title and possession of a 100-acre tract of land. The case was tried without a jury, resulting in judgment in plaintiffs' favor for an undivided $^{118}\!/_{1025}$ interest in the land and in favor of defendants, upon their cross-action for the other $^{907}\!/_{1025}$ interest. The plaintiffs appeal.

The unassailed findings of fact by the court and undisputed evidence show the facts to be as follows:

The land was community property of Steve and Minnie Williams. The latter died August 18, 1920. On February 2, 1921, Steve Williams, as the community survivor, conveyed the land in trust to John M. Henderson to secure Williams' note for $1,025 in favor of J. C. Tidwell & Co. Of said sum $907 was a community debt, and the balance of $118 was a debt incurred by Williams after the death of his said wife. At a later date Williams married again. The deed of trust provides:

"But, in case of failure or default in the payment of said promissory note, together with the interest thereon accrued, according to its terms and fact, at the maturity of the same then in such event, said John M. Henderson, Trustee is by these presents duly authorized and empowered, and it is made his special duty at the request of the said J. C. Tidwell & Company, at any time made after the maturity of said prom-

issory note, to sell the said above described property to the highest bidder, for cash, etc." \* \* \*

"And it is hereby specially provided that should the said Jno. M. Henderson, trustee, from any cause whatever, fail or refuse to act, or become disqualified from acting as such Trustee, then said J. C. Tidwell & Company or other holder of said indebtedness, shall have full power to appoint a substitute, in writing, who shall have the same powers as are hereby delegated to the said Jno. M. Henderson, Trustee, etc."

Connor Brothers later acquired the note and lien. Successive renewals of the note were duly executed, the last renewal extending maturity to November 1, 1928.

Steve Williams died September 2, 1929, and the plaintiff Robert Williams was appointed and qualified as administrator of his estate. The administration is still pending. The plaintiffs are the heirs at law of Steve and Minnie Williams. The claim upon the note and lien was never presented to the administrator as by law required. The note not having been paid, the trustee, Henderson, on November 1, 1932, at the request of Connor Brothers, and assuming to act under the power of sale conferred by the deed of trust, sold the land to Connor Brothers and executed deed therefor. On the date of the sale Connor Brothers went into possession of the land and have since remained in continuous exclusive possession.

The land was a part of the rural homestead of Williams and his two wives. The second wife continued to live upon the home tract, of which the 100 acres was a part, until the trustee's sale to Connor Brothers. A year before the trustee's sale the administrator had paid all debts owing by the estate of Steve Williams except the note to Connor Brothers. Except for the payment of such note, the administration, it seems, was ready to be closed.

## Opinion.

The validity of the trustee's sale and deed is attacked upon two grounds:

1. Upon the ground that it was necessary to foreclose the lien through the probate court in the manner prescribed by law.

2. Because the sale was made at the request of Connor Brothers, whereas the deed of trust only authorized such sale at the request of J. C. Tidwell & Co.

In reply to the first objection, the appellees assert that under the facts in this case the sale by the trustee was valid under the ruling in Wiener v. Zweib, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867.

It is unnecessary to determine that question. We express no opinion with respect thereto. Assuming the first objection to the foreclosure as being untenable, the second must be sustained.

■ The maker of a deed of trust conferring power to sell has the right to impose such limitations upon the exercise of such power as he deems necessary or proper for his own protection. Such limitations as he does impose must be strictly observed. It is a power which admits of no substitution and of no equivalent. Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070; Boone v. Miller, 86 Tex. 74, 23 S. W. 574, 575.

■ Under this well-settled rule, the conclusion would follow that the sale by the trustee was wholly ineffective because made at the request of Connor Brothers, whereas the deed of trust authorized a sale at the request of J. C. Tidwell & Co. The last-cited case is direct authority in support of the view that the sale was invalid.

In that case the deed of trust authorized sale of the land at the request of James Upton, the payee of the note secured. The land was sold by the trustee to the Concho National Bank. Reiger, the maker of the deed of trust, also conveyed the land by quitclaim deed to Upton, who, in turn, by like deed conveyed to the bank. The bank then conveyed to Miller, at whose request the trustee again sold the land, Miller becoming the purchaser. Boone and Scarborough were adverse claimants of the land claiming title under an execution sale upon a judgment against Reiger.

The first sale by the trustee was held void because not made at the courthouse door, as required by the deed of trust.

The second sale was also held void because Miller was not the owner of the note which the deed of trust secured, and it was further held that if he had owned the note, the sale at his request was nevertheless void.

In the course of the opinion, Judge Brown said:

"When the exercise of a power is made to depend upon the direction or request of a given person, then the direction or request of that person must be given in

order to authorize the exercise of the power. * * *

"The sale not having been requested or directed by Upton, as required by the deed of trust, and Miller having no authority, even as owner of the note, to direct it to be made, the power to make the sale was not exercised in accordance with the provisions of the deed of trust, and was therefore void, and passed no title to Miller."

In this connection, see, also, Bomar v. West, 87 Tex. 299, 28 S. W. 519.

No importance is to be attached to the provision in the deed of trust authorizing any holder of the indebtedness secured to appoint a substitute trustee. This provision cannot be construed as enlarging the power of the original, or any substitute trustee, to sell.

Upon the authorities cited, the sale by the trustee in this case was void because not made at the request of Tidwell & Co.

■ In behalf of the appellees, it also urged that since the note was not barred at the time of the trustee's sale and their entry into possession, and they having continued possession of the land, appellees are to be considered as mortgagees in possession, and as such the plaintiffs cannot recover such possession from them without paying the amount of the lien indebtedness, which was not tendered; and, in any event, they were entitled to judgment foreclosing their lien, as was alternatively sought by them.

The courts of this state recognize the equitable principle thus invoked. Browne v. King, 111 Tex. 330, 235 S. W. 522; Rodriguez v. Haynes, 76 Tex. 225, 13 S. W. 296; Mozoch v. Sugg (Tex. Com. App.) 254 S. W. 770; Bosse v. Johnson, 73 Tex. 608, 11 S. W. 860; Majors v. Strickland (Tex. Civ. App.) 6 S.W.(2d) 133; De Guerra v. De Gonzalez (Tex. Civ. App.) 232 S. W. 896.

But a mortgagee who may invoke such equitable protection is one who is lawfully in possession. A mortgagee, though physically possessed of the mortgaged property, is not technically a mortgagee in possession, unless he has such possession lawfully. 19 R. C. L. Title Mortgages, § 102; 41 C. J. same title, § 580.

■ A mortgagee who, without the consent of the mortgagor, express or implied, enters into and holds possession of land under a void nonjudicial foreclosure, does so wrongfully. He is a trespasser. He cannot predicate any equitable right of protection upon his own wrongful act. Calhoun v. Lumpkin, 60 Tex. 185; Mc-Camant v. Roberts (Tex. Civ. App.) 25 S. W. 731, reversed on another ground in 87 Tex. 241, 27 S. W. 86.

In Calhoun v. Lumpkin, supra, Judge Willie said: "Divested of all homestead questions, it is very clear that before a mortgagor can recover possession of property of which the mortgagee is rightfully in possession, he must tender the amount of money due on the mortgage. Morrow v. Morgan, 48 Tex. 304; Hannay v. Thompson, 14 Tex. 142. Where the possession is unlawfully obtained, of course no such tender is necessary; as by an illegal foreclosure of the mortgage (Morrow v. Morgan, supra); or by tampering with the mortgagor's tenant and inducing him to yield up possession or attorn to the mortgagee. Loving v. Milliken [59 Tex. 423] 2 Tex. Law Review, 7."

■ There is no finding by the court that Connor Brothers entered into possession with the consent, express or implied, of the plaintiffs. The plaintiffs are numerous, two of them being minors. Some of them reside in counties other than Titus, where the land is situate. Such consent cannot be fairly inferred from the evidence. The date of sale and entry into possession—November 1, 1932—was four years after the maturity of the last renewal contract. The note would have been barred the next day by the four years' statute of limitations.

Our conclusion is that since appellees went into possession under a void nonjudicial sale, their possession was not lawful, and they cannot invoke the equitable rights accorded a mortgagee who is lawfully and rightfully in possession. Therefore, appellants were not required to tender payment of the mortgage debt, and such debt was not protected against the bar of the four years' statute of limitations. For this reason, the alternative relief of foreclosure prayed by appellants cannot be granted.

■ Furthermore, such alternative relief could not be granted by the district court in view of the still pending administration upon the estate of Steve Williams in the county court. Reynolds Mtg. Co. v. Smith (Tex. Civ. App.) 280 S. W. 879; Dalton v. Allen (Tex. Civ. App.) 56 S.W.(2d) 205.

Reversed and rendered.