SEXTON, trustee, &c. vs. RHAMES.

SEXTON
v.
RHAMES.

13 99
84 297
13 99
95 175
13 99
d99 23

A judgment roll may be signed by a deputy clerk, and it need not appear on the roll that the clerk was absent when it was signed.

The neglect of the clerk to comply with the statutory provisions which required him to endorse upon a judgment roll the time of filing the same, and make a reference to the book and page where the judgment was recorded, did not invalidate the judgment nor render the roll inadmissible in evidence.

The printer's affidavit attached to a copy of a notice of a sheriff's sale of land, stated that the notice was published in a certain newspaper "for six weeks successively, commencing," &c. The sheriff's certificate of sale showed that notice of the sale had been published in the proper newspaper once in each week for six successive weeks, and posted as required by law: *Held*, that the return of the sheriff must be presumed to be correct, and that the proof of the notice was sufficient.

The conditions imposed by sec. 99, chap. 102, R. S., 1849, upon a junior judgment creditor, in order to give him a strict right to acquire the title of a senior judgment creditor, were intended for the protection of the senior creditor, and may be waived by him.

Where both parties claim under the same third person, it is *prima facie* sufficient for the plaintiff to prove the derivation of title from him without proving his title.

A complaint alleged that the plaintiff had been, since the 11th of June, 1858, the owner in fee of certain land of which the defendant unlawfully withheld possession. Answer: 1. A general denial. 2. That the defendant was tenant of J. R., who held title under a decree of a certain court, rendered on the 15th of October, 1855, (set out in *hæc verba*), by which it was adjudged that on the 6th of March, 1855, the legal title to the land in controversy was in Robert R., who, on that day, for a valuable consideration, executed a deed to said J. R., which was intended to convey the same, but by mistake described the wrong tract of land, and that said deed be reformed and decreed to be a deed conveying to J. R. the land in controversy. The plaintiff having proved a sale of said land upon an execution on a judgment against Robert R. in favor of L. & Co., perfected on the 16th of April, 1855, and that he, as a junior judgment creditor, had redeemed from L. & Co. pursuant to the statute, and received a deed from the sheriff, it was *held*, that the special answer admitted the legal title to have been in Robert R. on the 16th of April, 1855, notwithstanding the general denial, so that no proof of that fact was necessary.

*Held*, further, that as the plaintiff was not a party to the suit between J. R. and Robert R., he was not concluded by the decree therein, but had a right to inquire into the *bona fides* of the sale from Robert R. to J. R., and to dispute the fact that a mistake had been made in describing the land sold.

APPEAL from the Circuit Court for *Dodge* County.

The case is stated in the opinion of the court. The sheriff's certificate of sale, referred to in the opinion, showed that notice had been published in the proper newspaper, once in each week for six successive weeks, and posted as required by law. The defendant's answer was verified.

*Smith & Ordway*, in support of the plaintiff's right to the sheriff's deed, either as a redeeming creditor, or as a purchaser of the prior judgment· and the certificate of sale thereon, cited *Van Rensselaer vs. Sheriff, &c.*, 1 Cow., 443 ; *Ex parte Penn. Iron Co.*, 7 id., 540, 554 ; *Vaughn vs. Ely*, 4 Barb., (S. C.) 159 ; 19 Johns., 342 ; 1 Cowen's Treat., 76 ; and contended that when both parties claim under the same third person, it is sufficient to prove the derivation of title from him without proving his title (2 Greenl. Ev., 308) ; and that the title of the person under whom both parties here claim, was admitted by the answer.

*Sloan & McFetredge* and *M. M. Jackson*, for respondent, contended that the general denial in the answer covered every point at issue, and nothing in the special plea could be taken as an admission against the defendant, citing *Stracy vs. Blake*, 1 Mees. & W., 168 ; *Knight vs. McDowall*, 12 A. & E., 438 ; 1 Phil. Ev., 744 ; 8 Johns., 109 ; 6 Cow., 113.

November 19.    *By the Court*, COLE, J. When the appellant had closed his case and rested on the trial in the court below, the respondent moved for a nonsuit upon the grounds : 1st. That the plaintiff had not shown that he had a judgment which was a lien or charge upon the land, nor had he shown that he redeemed or attempted to redeem the same. 2d. That the plaintiff had failed to show that the judgment debtor, Robert Rhames, at any time was the owner of the premises in fee, or had any interest therein, or that the plaintiff was entitled to the possession of the premises. 3d. That the plaintiff had shown no valid conveyance to himself of the land in controversy.

The action was to recover possession of real estate, and the title of the appellant was based upon a sheriff's sale and deed, had upon a judgment in an action wherein Littell and Baker were plaintiffs and Robert Rhames and Robert Rhames, jr., were defendants, which judgment was perfected on the 16th day of April, 1855. The appellant, with others, recovered a judgment subsequently against the same defendants, and within the twenty-seven months from the sale of the premises on the Littell and Baker judgment, and as trus-

June Term,
1860.

SEXTON
v.
RHAMES.

tee for himself and co-plaintiffs, redeemed from Littell & Baker, and the deed of the sheriff was made to him in trust for himself and his co-plaintiffs.

On the trial several objections were taken to the admission in evidence of the judgment rolls in the cases of *Littell et al. vs. Rhames et al.*, and *Sexton et al. vs. Same defendants*, and of the sheriff's deed, but all of the objections were overruled by the circuit court, and, as we think, very properly. The objection that the judgment rolls were signed by the deputy clerk instead of the clerk himself ought not to prevail. The clerk had the power to appoint a deputy to perform his duties in his absence (sec. 58, chap. 10, R. S. 1849), and we do not suppose it was necessary to state upon this judgment roll that the clerk was absent. Again, it is said the clerk omitted to perform some ministerial duty in reference to these judgment rolls, such as stating the time they were filed and referring to the page of the record, &c. But the neglect of the clerk to make these references, which evidently are for convenience in examining the records of judgments, could not invalidate the judgment. The records were filed and the judgments docketed, and everything done necessary to make them a lien upon the real estate of the judgment debtors.

An objection was made to the proof of publication of the notice of sale, the printer stating in his affidavit, that the notice was published in the Horicon Argus "for six weeks successively, commencing," &c. The printer, in framing his affidavit, adopted the exact words of the statute. Sec. 73, chap. 102, R. S. 1849. Besides, the sheriff certifies in the certificate of sale offered in evidence, that he gave the proper notices of sale, and states in what manner the notices were given; and this return of the sheriff must be presumed to be correct. That is a sufficient answer to the objection. Again, it was insisted that the appellant did not show that he complied with all the provisions of the statute to entitle him to redeem from a senior judgment creditor, &c. But the conditions imposed by the statute (sec. 99, chap. 102, R. S. 1849) to be complied with by the appellant in order to give him a strict right to become a purchaser from Littell &

June Term,
1860.

SEXTON
v.
RHAMES.

Baker, such as presenting a certified copy of the docket of his judgment, with an affidavit of the amount due thereon, &c., were matters for the protection of the senior creditors, and which they might waive if they saw fit. It seems they did not insist upon a compliance with the statute in this particular, being willing that *Sexton* and others should acquire the title after their judgment was satisfied. Ordway swears that both Littell and Baker directed him, when *Sexton* paid the amount of their judgment, to hold the sheriff's certificate of sale for *Sexton's* benefit, and when the deed was due, to have it run to *Sexton*. Ordway was the attorney for all the creditors, and this arrangement entered into by the parties unquestionably authorized the sheriff to give the deed as he did. There can be no doubt that *Sexton* and his co-plaintiffs had a valid judgment against Rhames, and that he redeemed from Baker and Littell. *Ex Parte The Penn. Iron Co.*, 7 Cow., 540. The first point made in the motion for a nonsuit was, therefore, not sound.

The next point made was that the appellant failed to show that the judgment debtor, Robert Rhames, at any time was the owner of the premises in fee, or had any interest therein, or that he was entitled to the possession of the premises.

After a general denial in his answer of all the allegations in the complaint, the respondent proceeded to set up another distinct ground of defense. He alleges that one John N. Rhames, his lessor, was the owner of the land described in the complaint, and that said John N. claimed title in fee under a decree of the circuit court of Dodge county, made on the 15th day of October, 1855, in a case between said John N. and Robert Rhames and wife, and then the decree is set out *hæc verba*. From the decree it appears that on the 6th of March, 1855, the title to the premises was in Robert Rhames ; that on that day he sold the same to the lessor of the respondent for a consideration therein named, and Robert and wife made and executed a deed for the same, but there was a mistake in the description of the land, the wrong tract being described therein; and that John N. commenced a suit in chancery to reform the deed and to have the title to the correct tract (the one in dispute) decreed to be in him

June Term,
1860.

SEXTON
v.
RHAMES.

from and after the said 6th of March; and that such a decree was rendered on the 15th of October, 1855. Now it will be seen, here was a direct admission in the answer, that the title to the premises was in Robert Rhames long after the Littell and Baker judgment was docketed. What reason is there for saying that the appellant could not avail himself of this admission of record? We know of none. Was the appellant under the necessity of showing that the title to the property was in Robert Rhames so that the lien of the Littell and Baker judgment attached, when this fact was admitted in the answer? We think not. Both parties claim under Robert Rhames, and it was sufficient to derive title from him without proving his title. 2 Greenl. Ev., § 307. It is true, should it appear that Robert, in good faith and for a valuable consideration, had sold and conveyed the land to John N. before the judgment against him was perfected, then the lien of that judgment would be subordinate to the outstanding equity in John. This is very clear. But as the matter then stood upon the evidence and admissions in the answer, it did appear that title to the property was in Robert Rhames when the judgment was docketed. The appellant was not a party to the chancery suit, and therefore his rights were not concluded by the decree in that cause. He had a right to inquire into the *bona fides* of the sale from Robert to John N. Rhames, and to dispute the fact that a mistake had been made in describing the land sold and conveyed. It is said that the appellant could only recover on the strength of his own title, and not on the weakness of the title of the adversary. We suppose this is a sound position. But had not the appellant established a *prima facie* right to recover upon the evidence and admission in the pleadings? We think he had. The respondent held the affirmative under the second answer. But it is further insisted that the respondent made a general denial, putting in issue every fact alleged in the complaint, and that the admission of a fact in the second answer was not available against the first. The complaint, however, does not attempt to set out the chain of title. It alleges, in substance, that the appellant, on the 11th of June, 1858, was seized in fee of the premises, and was entitled to

the possession of the same, and that the respondent unlawfully withheld that possession. These were the matters put in issue by the general denial. The answer then proceeds to state the respondent's defense : that at such a time the title to the premises was in Robert Rhames, and that his lessor, John N. Rhames, acquired it in a certain manner. And while we can see nothing inconsistent or repugnant in the two answers, we still think that under the system of pleading adopted by the Code, the admission of the fact that at a time after the docketing of the Littell and Baker judgment, title to the property was in Robert Rhames, was an admission of which the appellant could avail himself, and which he need not substantiate by testimony.

The third ground relied on in the motion for a nonsuit, that the appellant had shown no valid conveyance to him of the land in controversy, is already disposed of in what has been said upon the first point in the motion.

The judgment of nonsuit must be set aside, and a new trial awarded.