## HENRY BOSSE v. S. M. JOHNSON.

No. 6130.

1. **Mortgagee in Possession—Fact Case.**—While a mortgagee in lawful posses-sion can not be ousted by one claiming under the mortgagor until the mortgage is sat-isfied, still in this case the testimony does not show that Johnson, the mortgagee, was in such lawful possession.   See facts held insufficient to show such possession.

2. **Mortgage—Pleading.**—A mortgagee made a party defendant in an action of trespass to try title can set up his mortgage and have it foreclosed; but he can not have such relief upon pleading only not guilty.

APPEAL from Bexar.   Tried below before Hon. G. H. Noonan.

This suit wa  brought August 18, 1885, by Henry Bosse against A. H. Cadwallader and J. D. Snyder, in trespass to try title for certain lots in the city of San Antonio, described in the petition.

September 5, 1885, Cadwallader and Snyder answered not guilty, and further that they held the premises as tenants of S. M. Johnson the ap-pellee.   They asked to be dismissed with their costs, and that said John-son be cited to appear as defendant.

September 11, Johnson was permitted to intervene, when, on same day, as real defendant, he pleaded not guilty.   March 9, 1886, the plaintiff Bosse filed what he terms a supplemental petition, alleging that the title of Johnson was void; for that A. G. Clark, under whom Johnson claimed, being insolvent on the 24th of November, 1882, made a pretended con-veyance of the lots in controversy with four other lots in the same block to one R. M. Moore, reserving in himself the beneficial use and enjoy-ment thereof as well as the title, since which time to the present "Clark has reserved its possession and enjoyment."   And that on the 3d day of February, 1885, said Moore at the instance of Clark, through his agents, with notice on the part of Johnson of the want of title in Moore and of the purpose thereby to defraud Clark's creditors, pretended to convey to Johnson the said lots.   It is further alleged that plaintiff Bosse was a creditor of Clark, and the said pretended conveyances were made in fraud of creditors and with full notice on the part of Johnson that the convey-ances were to hinder and defraud plaintiff of his debt.

The case was tried without a jury and resulted in a recovery of the title to the property subject to a mortgage of Johnson for $1500, and that upon the payment by plaintiff to Johnson, or into court for the use of Johnson, of the $1500 with interest from date of judgment at eight per cent per annum, then plaintiff to have his writ of possession, and not until then.   Johnson was quieted in his possession until the money should be paid, plaintiff to pay his costs incurred and defendant his costs incurred.   The original defendants were dismissed with their costs ad-judged against plaintiff.   The findings of the court are incorporated in the judgment, and are as follows:

1.   Henry Bosse and Samuel M. Johnson claim title to the premises from a common source, to-wit, Cyrena Clark and A. G. Clark.

2.   Defendant Johnson is in possession of the property under the following conveyances, viz.:   Deed from Cyrena and A. G. Clark to R. M. Moore, conveying the premises, dated November 24, 1882, duly acknowledged and filed for record same day and recorded December 6, 1882, in Bexar County; deed from Moore to S. M. Johnson conveying the premises, dated February 5, 1885, duly acknowledged and filed for record same day and duly recorded in Bexar County.   The court further finds that the deeds though absolute on their face were intended as a mortgage to secure $1500, which is due and unpaid, and that defendant Johnson is a mortgagee of the premises in question, in possession, with the sum of $1500 due and unpaid on said mortgage.

3.   That plaintiff claims title to the property under judgment rendered in District Court of Bexar County on the 19th of May, 1885, against Cyrena Clark and A. G. Clark, by execution, sale, and sheriff's deed of date August 11, 1885, duly recorded on the 15th of the month.

The court found as law that Johnson's mortgage had priority over plaintiff's rights.   The judgment against Clark and wife, the execution and deed to plaintiff, the deed of Clark and wife to Moore, and from him to Johnson, were all read in evidence as found by the court.

It was in proof that Clark was insolvent and was being pressed on his debts when he and wife conveyed the property to Moore.   The deed to Moore was colorable only; the title to the property did not pass and was not intended by the parties to pass by the deed.   Moore conveyed the property to Johnson without consideration.   He says: "I paid nothing for the property and I got nothing.   Johnson took up the obligations."

Ogden & Ogden, attorneys at law, had attended to considerable litigation for Clark and rendered him valuable services.   He conveyed to them by warranty deed some land in Medina County in part payment for their services, which they sold for $3100.   Ogden testified that he still owed them $1500.   The deed by Moore to Johnson, Ogden says, was made to secure the $1500 due Ogden & Ogden, Johnson having become a member of the firm, and to indemnify them in case of a breach of warranty in the deed to the Medina County land.   Charles Ogden, one of the firm, testifying, said:   "We were responsible to purchasers on our warranty (in the sale of the Medina land), and the property was conveyed to us to secure us on our warranty and to pay us $1500 fee due us from Clark upon a settlement.   Clark can have the property by paying us the $1500, and that constitutes our claim to the property."   ·

The deed to Johnson was to secure the firm of which he was a member in the amount of money due the firm for legal services rendered. When the property was in Moore's name the rents were always paid to Clark.   He collected the rents, signing Moore's name, and afterwards

Johnson's, as agent. Cadwallader testified that he rented from Clark and paid him the rents as above stated.

The market value of the whole property at the time the deed was made to Moore he says was $4000 to $4500. Moore, while the property was in his name, or about the time he sold it to Johnson, at the instance of Clark sold the northeast corner of the property to one Silsby for $900. Ogden, Ogden & Johnson knew of the sale, and the money, Moore says, was paid to Judge Ogden of the firm.

*Clifford & Aycock*, for appellant.—1. The court erred in finding that there was a valid mortgage in favor of Ogden, Ogden & Johnson under the plea of "not guilty" and plea of fee simple title. Ayer v. Duprey, 27 Texas, 604; Williams v. Barnett, 52 Texas, 132.

2. The court erred in finding that Sam. M. Johnson is in possession, the facts being undisputed that Cadwallader, then tenant, was in possession, and that the rents all were paid to A. G. Clark from January, A. D. 1884, till this suit.

3. The court erred in not awarding plaintiff a writ of possession as well as the title, because the property was put in R. M. Moore to hinder, delay, and defraud Clark's creditors, and because Moore was unwilling to hold it any longer for such purpose, at the instance of Clark's attorney conveyed it to one of them, who knew the purpose for which it was first and last transferred. Brown v. Cactus Hedge Co., 64 Texas, 400; Smith v. Conkrite, 8 N. W. Rep., 876; Gardner v. Otis, 13 Wis., 460; Briscoe v. Clark, 1 Rand., 213; Green v. Tatum, 19 N. J. Eq., 105; State v. Estel, 6 Mo. App., 6.

*Ogden, Ogden & Johnson*, for appellee. — 1. A mortgagee in possession can not be dispossessed by the mortgagor or those claiming under him until the mortgage is satisfied. Hannay v. Thompson, 14 Texas, 142; Loving v. Milliken, 59 Texas, 427; Calhoun v. Lumpkin, 60 Texas, 190; Duke v. Reed, 64 Texas, 715.

2. Under his plea of not guilty, defendant Johnson was entitled to show any title or claim to the property either legal or equitable that would establish his right to the possession of the property and defeat an eviction by plaintiff. Rev. Stats., art. 2465; Hannay v. Thompson, 14 Texas, 142; Ragsdale v. Gohlke, 36 Texas, 286; Dalby v. Booth, 16 Texas, 563.

Collard, Judge.—We do not think the evidence justifies the conclusion of the court that Johnson was in possession of the premises. Cadwallader, the tenant in possession, testified that he rented from Clark and paid him the rents, he (Clark) receipting for the rents as agent for Moore until Moore sold to Johnson when he signed as agent for Johnson.

Moore testified that he received no rent.  Being shown a draft, he testified:  " This draft relates to rent of the place on Fourth Street, etc. I did not get the money paid on this draft.  I gave the order to Clark; he got the money.  Cadwallader owed it for the rent of the place.  I don't know who he did owe it to.  Some time prior to my giving the draft Judge Ogden came to me and wanted me to purchase the property.  I was to have assistance about the money for payment.  I suggested at the time that if Clark wanted the property out of his own name to put it in his son's name, but Judge Ogden objected and so did Clark, so I bought the property and paid $1000 on it.  It was understood that Clark was to have control and collect the rents then due, but I objected to his collecting them afterwards, but Judge Ogden said ' for the present let Clark collect the rent.'  This continued until I told Judge Ogden I would not do so any longer, and the property was then sold to Samuel M. Johnson.  *  *  *  I gave the orders for rent in Clark's favor."

Silsby, who bought a part of the property for $900 and paid the money to Johnson, says:  "I have lived there about a year.  I don't know who exercises ownership over the balance of the property.  I saw him (Clark) lately mending the roof.  I see him at work there quite often."

It is evident from the foregoing testimony that the possession of the premises was for Clark, and that whatever Moore or Johnson had to do with it was for and on account of Clark, the real owner.

A mortgagee in lawful possession can not be ousted by one claiming under the mortgagor until the mortgage is satisfied.  Duke v. Reed, 64 Texas, 715;  Loving v. Milliken, 59 Id., 426.

Johnson was not in possession, and it was error for the court to stay plaintiff's writ of possession until the mortgage in favor of Ogden, Ogden & Johnson was paid.

If the deed of Moore to Johnson, executed by the direction of Clark, was not a mere pretense, and was in fact intended to secure a debt due Ogden, Ogden & Johnson, and was not made to defraud Clark's creditors, under proper pleas the mortgagees, had they and other necessary party been before the court, could have had the mortgage foreclosed and the property sold to satisfy the same.  But this could not have been done under Johnson's plea of not guilty.  League v. Rogan, 59 Texas, 429.

Because of the error of the court in finding that Johnson was in possession we are of opinion the cause should be reversed and remanded.

*Reversed and remanded.*

Adopted April 30, 1889.