### OGDEN & JOHNSON v. HENRY BOSSE.

#### NO. 83.

**1. Idem Sonans.**

The question of identity of names is addressed to the ear and not to the eye. If the attentive ear finds difficulty in distinguishing them when pronounced, they will be considered as idem sonans. *Busse* and *Bosse* are idem sonans ................................................. .. 342

**2. Admissions in Pleadings.**

Plaintiff in trespass to try title alleged the chain of title under which defendants held. and alleged that it was fraudulent. The defendants, after pleading not guilty, set out the same chain of title, and alleged it to be a mortgage, asking foreclosure. *Held*, that the pleadings admitted a common source of title..................................... 343

**3. Case in Judgment.**

Plaintiff had title from the common source, and defendants had a mortgage from the common source antedating plaintiff's title, to secure a

debt not proven, with neither possession nor right of possession in the trustee or beneficiaries. Under these facts, which appeared by the pleadings, plaintiff was entitled to recover possession of the land..... 345

**4. Construction of Statute—Common Source of Title.**
Article 4802, Revised Statutes, originally enacted in 1871, added to the common law on the subject of common source, the provision, that such titles or claims might be shown by certified copies, without accounting for the originals....................................... 345

**5. Same—Practice.**
In making proof of common source of title the plaintiff has the right to introduce his evidence for that purpose only, and when so introduced it will not be considered for the purpose of showing title in defendant unless introduced by him. So held, where the original deeds were introduced by the adverse party ..................................... 346

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The opinion gives a statement of the case in the District Court. On appeal the judgment below, which was for Bosse, the plaintiff, was reversed and judgment rendered by Court of Civil Appeals for the defendants.

The trial court had held, that deeds (original) introduced by the plaintiff only to show common source of title, the defendants not having introduced them in evidence, could not be considered for any other purpose. Upon this question the discussion by the Court of Civil Appeals is given.

" The question for determination is, could the deeds from A. G. Clark and wife to R. M. Moore and from R. M. Moore to Sam Johnson, when offered in evidence by appellee for the purpose of proving title from a common source, be considered as evidence for any other purpose ?

" If they could, then, as stated by the trial court, they would show the superior title in appellant Johnson, and the demurrer to the evidence should have been sustained and judgment rendered for appellants.

"Article 4802, Revised Statutes, provides: ' It shall not be necessary for the plaintiff to deraign title beyond a common source, and proof of a common source may be made by the plaintiff by certified copies of the deeds showing a chain of title to the defendant, emanating from and under such common source; but before any such certified copies shall be read in evidence they shall be filed with the papers of the suit three days before trial, and the adverse party served with notice of such filing, as in other cases; provided, that such certified copies shall not be evidence of title in the defendant unless offered in evidence by him; and the plaintiff shall not be precluded from making any legal objection to such certified copies or the originals thereof when introduced by the defendants.'

" Under this statute the court below held that the plaintiff could prove common source of title by original deeds, and when they were offered for

that purpose they could not be taken as evidence of title for defendants. This statute makes no reference to original deeds or other original evidence, and has no application .to these, or to the effect that shall be given them when offered in evidence for the purpose of proving common source of title. Common source can be proved as at common law by original deeds. The statute quoted did not add to or take anything from this mode of proof, but left it and the effect to be given such deeds when offered in evidence for that purpose as it was before.

" Before this statute was passed it was not necessary for the plaintiff to deraign title beyond a common source; but it was incumbent upon him, when so deraigned, to show the better or superior title under the common source. Keys v. Mason, 44 Texas, 143; Sebastian v. Martin Brown Co., 75 Texas, 292. The plaintiff in trespass to try title must recover on the strength of his own title. This does not mean that he must show a good title against the world. It is enough that he shows a right to recover against the defendant. When both parties derive their title from the same source the plaintiff ordinarily need not go behind this source to prove his title, but he must show that his title emanating from this source is superior to the defendant's; and if the proof made by him to show common source shows also a superior title in the defendant, his own proof demonstrates that he has no right to recover, and that it is unnecessary for the defendant to introduce any testimony.

" If at common law the effect of deeds introduced for the purpose of proving common source of title was limited to that purpose, and they could not be evidence of title in defendant unless offered by him, why did the Legislature, in providing that the proof should be made by certified copies, add the proviso? It would have been wholly unnecessary, for the courts would not have given effect to copies that was never given to originals when introduced for that purpose. This proviso, " that such certified copies shall not be evidence of title in the defendant unless offered in evidence by him," shows that it was understood by the Legislature that evidence of common source of title offered by the plaintiff before the statute was passed might also be evidence of title in the defendant, and the proviso for that reason was made to prevent that effect from being given to the copies.

" Counsel for appellees has cited this court to no case supporting the the position that when a plaintiff introduces deeds for the purpose of showing common source they can not be considered in evidence for any other purpose. In deference to the learned judge who tried this case, and counsel for appellee, we have examined all cases accessible to ascertain whether such position has ever been maintained, and have not been able to find a single case in support of it." * * *

. Other matters were complained of in application for writ of error.

*B. L. Aycock* and *Buckler & Martin,* for plaintiffs in error.—1. The names Henry Bosse and Henry Busse are idem sonans. Similarity of name is some evidence of identity. Chamblee v. Tarbox, 27 Texas, 144; 1 Greenl. on Ev., 14 ed., sec. 575, note 6. If there was any evidence from which a jury might have inferred that the names referred to the same person, then when the intervenors demurred to the evidence they " admitted not only the truth of the evidence as given, but every fact which that evidence may conduce to prove in favor of the other party." Thornton v. Bank, 3 Pet., 36. In 74 Texas, 344, the Supreme Court has held Dillahunty, Dillahinty, and Dillaunty to be idem sonans. In 82 Texas, 55, Forris and Farris are also held to be idem sonans. In 1 Texas Criminal Appeals, Foster and Faster are also held to be idem sonans in a criminal case. See also 16 Am. and Eng. Encycl. of Law, 1231.

2. The object of Revised Statutes, article 4802, was not to restrict the rule of evidence at common law. Rev. Stats., final title, sec. 3; Russell v. Farquhar, 55 Texas, 360; Keys v. Mason, 44 Texas, 141.

3. The pleadings of plaintiff and defendant show the parties claim their rights respectively from A. G. Clark, the common source, and the plaintiff made out his case by his judgment, execution sale, and sheriff's deed of A. G. Clark's interest in the property, and proving defendant's claim was from the same source. Calder v. Ramsey, 66 Texas, 218; Custard v. Musgrove, 47 Texas, 218; Railway v. Whitaker, 68 Texas, 633.

*William Aubrey,* for defendant in error.— 1. The words Henry Bosse and Henry Busse are not idem sonans, and evidence is necessary to show that they describe the same individual. Shields v. Hunt, 45 Texas, 425; McRee v. Brown, 45 Texas, 503; Faver v. Robinson, 46 Texas, 204; Golden v. Patterson, 56 Texas, 628; Tapp v. Corey, 64 Texas, 594.

2. Though a plaintiff in trespass to try title need not in deraigning title prove the same beyond a common source, he is yet bound to show that under that source his own title is paramount or superior. Rev. Stats., art. 4802; Paschal v. Acklin, 25 Texas, 400; Keys v. Mason, 44 Texas, 143; Koenigheim v. Miles, 67 Texas, 119; Ladley v. Land Co., 4 S. E. Rep., 705; Johnson v. Cobb, 7 S. E. Rep., 602.

3. Proof of title in defendant made by plaintiff in deraigning title from a common source shall be evidence of title in such defendant unless such proof is made by plaintiff as follows, viz., by filing with the papers of the suit three days before the trial certified copies of the deeds showing a claim of title to the defendant emanating from and under such common source, and by serving the adverse party with notice of such filing, as in other cases. Keys v. Mason, 44 Texas, 142.

BROWN, ASSOCIATE JUSTICE.—August 18, 1885, Henry Bosse filed a petition in the form of trespass to try title in the District Court of Bexar

County against Cadwalader and Snyder to recover of them lots 3 and 4, in block 8, in the city of San Antonio. September 5, 1885, defendants filed an answer, consisting of plea of not guilty, that they claimed no interest in the land, but held the same as the tenants of Sam Johnson, and praying that he be made a party defendant to the suit. On the same day Johnson filed a plea of not guilty.

March 9, 1886, the plaintiff, anticipating the defense of Johnson under his plea of not guilty, filed what is styled a first supplemental petition, alleging, in substance, that he was a creditor of A. G. and Cyrene Clark, and obtained a judgment against them in the District Court of Bexar County, caused execution to be issued on the judgment and levied on the lots in question, which were sold under the levy, and plaintiff bought them, receiving a deed therefor. That Clark and wife being indebted to the plaintiff, made the deed to Moore for the purpose of defrauding his creditors, and especially the plaintiff. That it was not intended that the title should pass to Moore by the deed, but the title and beneficial interest remained in Clark. That no consideration was paid by Moore, and he conveyed to Johnson without consideration, and with full notice on Johnson's part of the purpose of making the deeds.

Under the pleading as above stated the parties went to trial, and judgment was rendered in favor of the plaintiff for the land, subject to the right of Johnson to hold the possession until the sum of $1500 was paid or deposited in court, in discharge of a mortgage lien in favor of C. W. Ogden, which was declared to be created by the conveyance by Moore to Johnson. Plaintiff appealed to the Supreme Court, which reversed the judgment and remanded the cause for a new trial, for the purpose of permitting the defendant to make proper parties and foreclose the mortgage in favor of Ogden if it could be established, but under the facts holding that plaintiff was entitled to recover and to his writ of possession. Bosse v. Johnson, 73 Texas, 608.

Upon the case being returned to the District Court, Sam Johnson and C. W. Ogden, styling themselves intervenors, filed an amendment to Johnson's answer, consisting of special exceptions, plea of not guilty, general denial, and special plea setting up that A. G. Clark was indebted to Ogden & Ogden and Ogden & Johnson, tracing the indebtedness through changes, finally as due to C. W. Ogden, in the sum of $500, and that being so indebted Clark caused R. M. Moore, in whom the legal title was, to convey the lots to Johnson as trustee, to hold and sell for the payment of the debt and to indemnify Ogden on liabilities incurred in selling land for Clark. They prayed that Clark be made a party defendant, and in case the plaintiff should recover the land, that judgment be given that plaintiff be first required to pay the debt and secure Ogden against the liabilities incurred before writ of possession issue; or if the court would not so enter judgment, then that judgment be given fore-

closing the lien upon the lots in favor of Ogden. A. G. Clark accepted service of the plea, but filed no answer.

November 30, 1889, plaintiff filed a second supplemental petition, alleging, in substance, the same as in the first, with the addition of a denial of the existence of any debt to Ogden from Clark, and charging a combination between Johnson and Ogden and Clark to defraud him of his debt; with other allegations not necessary to reiterate here.

The parties went to trial before a jury. Plaintiff having closed his testimony, the defendants Johnson and Ogden demurred to the evidence, which was joined in by plaintiff, and the jury discharged. The court rendered judgment for plaintiff, and filed the following findings of fact and conclusions of law, all of which were excepted to by the defendants and Johnson and Ogden:

"*Findings of Fact.* — 1. A judgment of the District Court of Bexar County (Thirty-seventh Judicial District), rendered May 19, 1885, in case number 2074, in favor of plaintiff, wherein Henry Bosse recovered against A. G. Clark, Cyrene Clark, T. D. Clark, T. S. Harrison, and John Crosby, composing the ' Lytle Coal Company," for the sum of $325.

" 2. Execution on said judgment issued June 13, 1885, and levied on the property in controversy on the 15th day of June, 1885, by the sheriff of Bexar County; also said sheriff's return, showing said levy and sale at public vendue, before the court house door of said Bexar County, on the first Tuesday, it being the 7th day, of July, 1885, the property having before that time for twenty days been advertised at three public places in Bexar County, one of which was the court house door of said county.

" 3. That the plaintiff, Henry Bosse, at said sale bought the lots in controversy.

" 4. The sheriff of said Bexar County, in pursuance of said sale, conveyed, by his deed dated August 11, 1885, said property to this plaintiff, Henry Bosse; that said deed was duly authenticated and recorded in the deeds of Bexar County, August 15, 1885.

" 5. That plaintiff introduced the following original deeds for the purpose of showing a common source of title, and so stated this purpose in so doing, and proved their execution as at common law:

"(1) Deed from A. G. Clark and Cyrene Clark, his wife, to R. M. Moore, conveying said two lots, and two others in the same block, dated the 24th day of November, 1882.

"(2) Deed from Moore to Sam M. Johnson, conveying the same property, dated February 5, 1885, and duly recorded the 5th day of February, 1885.

" 6. The plaintiff rested his case, and the defendants demurred to the plaintiff's evidence, without introducing any testimony.

"*Conclusions of Law.*— 1. That when plaintiff introduced in evidence defendants' deeds for the purpose of proving common source, said deeds were not in evidence for any other purpose, nor could they be considered, when thus offered, as evidence of title in the defendants.

" 2. That under article 4802, Revised Statutes, plaintiff could prove common source by original deeds, as well as by certified copies, and when thus offered they were not evidence of title in defendants.

" 3. Said article of the Revised Statutes should be liberally construed, with a view to effect its object and promote justice.

" 4. That if common source under the Revised Statutes can only be proved by certified copies, it can still be proven as at common law by original deeds, and when offered for that purpose only they are not evidence of title in defendants.

" 5. If all the deeds were in evidence for the purpose of proving title, then the superior title is in defendants, and the demurrer to the evidence should have been sustained, and judgment rendered for defendants.

" 6. But defendants' deeds being in evidence only for the purpose of proving common source, and plaintiff's deeds being the only evidence of title, the plaintiff showed the superior title; whereupon the demurrer was overruled and judgment rendered for the plaintiff."

On the trial plaintiff offered in evidence a judgment of the District Court of Bexar County in favor of Henry *Busse* against A. G. Clark and Cyrene Clark, and others not necessary to mention. Also, an execution issued upon said judgment, which ran in the name of Henry *Busse*, against the said Clarks and others, together with the return of the sheriff showing a levy upon the lots in controversy, advertisement and sale, and that Henry *Busse* was the purchaser at the sale. Defendants Johnson and Ogden objected to the introduction of these instruments, because they varied in the name of the plaintiff therein, "*Busse*," from that alleged in the petition, which was "*Bosse.*" The court overruled the objection, and the evidence was introduced.

Plaintiff also offered to read in evidence a deed from the sheriff of Bexar County to Henry *Bosse* for the lots in controversy, which recited the execution as being in favor of Henry *Bosse* and that Henry *Bosse* purchased the lots levied upon and sold under said execution, which are the same as here sued for. Defendants objected to the introduction of this deed, because it did not follow the execution, levy, and judgment in the name *Busse.* The court overruled the objection and admitted the evidence.

The correctness of the ruling of the court in admitting the judgment, execution, and deed over the objections of the defendants depends upon whether or not the names "*Busse*" and "*Bosse*" come within the rule of idem sonans. The question is addressed to the ear and not to the eye; "if the attentive ear finds difficulty in distinguishing them when pronounced, they will be considered as idem sonans." Robson v. Thomas,

55 Mo., 581. It is a safe rule, " that if the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial," and the rule of idem sonans is to be applied. Rooks v. The State, 83 Ala., 80; Ward v. The State, 28 Ala., 53; Henry v. The State, 7 Texas Cr. App., 392. " In the pronunciation of names greater latitude is allowed than in any other class of words." Rooks v. The State, and Ward v. The State, supra.

The letter o frequently has the sound of u, and to give to it this sound in the name *Bosse* is not at all strained, and " does no violence to the letter." Especially is this the case in pronouncing a name, and considering that our population is made up of descendants of many nationalities, and the pronunciation of their names not always governed by the rules of either language. Myer v. Fegaly, 39 Pa., 439. In the case cited the controversy arose out of a judgment rendered against John *Bubb*, when in fact the name of the party was John *Bobb*. The court held that there was no variance. In Rooks v. The State, supra, the defendant was indicted under the name of *Rux*, but the court held that *Rux* and *Rooks* were idem sonans. In the case of Dillahunty v. Davis, 74 Texas, 344, the notes sued upon were signed, one " H. C. Dillaunty," and the other " H. C. Dillahinty;" the name of defendant, who was alleged to have made and signed them, was " H. C. Dillahunty." This court held the names to be idem sonans.

The names " *Busse*" and " *Bosse*" are so similar in sound as to be considered idem sonans, and there was no error in admitting the evidence.

The plaintiff and defendants alleged that defendants claimed title to the lots under A. G. and Cyrene Clark, and it was not necessary for either party in deraigning title to go beyond the common source thus alleged. If the plaintiff proved that he had acquired Clark's title by sale under a valid judgment and execution as alleged, he was entitled to recover the lots, since the defendants had alleged that the deed from Moore to Johnson was made at Clark's request, he having the title at the time, for the purpose of securing a debt due to Ogden, and not alleging actual possession nor any right to such possession. The right thus alleged was no more than that of a mortgagee out of possession, and constituted no defense to the plaintiff's right to recover possession of the lots. Bosse v. Johnson, 73 Texas, 608; Morrow v. Morgan, 48 Texas, 304; Schmeltz v. Gary, 49 Texas, 49; Spring v. Eisenach, 51 Texas, 435; Silliman v. Gammage, 55 Texas, 365; Miller v. Boone & Scarborough, decided at this term [ante, p. 74].

The defendants Johnson and Ogden having pleaded specially their claim or title to the lots, the plea of not guilty stood as a general denial, and they were confined to their title as set up in their special plea. Counsel for defendants claim that they did not plead their title specially, and therefore were not confined to that set up in their special plea, and in

support of this proposition we are referred to Sayers v. Texas Land and Mortgage Co., 78 Texas, 244. In that case the special plea alleged the making of the mortgage by persons not parties to that suit, and asked that in case plaintiff recovered the land the judgment be so framed as not to prejudice the rights of defendant as between it and such third persons; no right was alleged nor relief sought against plaintiff on account of the mortgage. In this case the mortgage is set up as a defense against plaintiff's right of possession, and also it is asked that it be foreclosed as against his title. This question is of no importance in this case, for the reason that defendants offered no evidence of any other title or claim to the lots.

The question is raised as to whether or not the deeds from Clark to Moore and from Moore to Johnson were upon the demurrer to the evidence to be considered by the court for the purpose of showing title in defendants, or only for the purpose of proving a common source of title. The plaintiff, in his supplemental petition, alleged that the deeds were executed by the several parties, but charged that they were fraudulent. Defendants Johnson and Ogden, in their special plea, alleged the making of the deeds, and that they constituted a mortgage to secure Ogden in a debt of $1500.

In this state of the pleading it was not necessary for either party to prove the execution of or produce either the deed from Clark to Moore or that from Moore to Johnson. It is not necessary for either party to prove that which is distinctly alleged by the adverse party. Graham v. Henry, 17 Texas, 167. Each party could, without reading it as evidence, avail himself of whatever admissions were made in the pleading of his adversary, without admitting anything alleged therein favorable to the party pleading. Bourke v. Vanderlip, 22 Texas, 221; Hill v. Allison, 51 Texas, 390; Walker v. Burke, 48 Texas, 206; Coles v. Perry, 7 Texas, 143; Sexton v. Rhames, 13 Wis., 102; Orton v. Noonan, 19 Wis., 376. If the deeds had not been introduced at all, the result must have been the same, for by the pleadings on both sides they were before the court.

In Duncan v. Magette, 25 Texas, 245, it is said, that if the allegations of the plaintiff's petition are put in issue by defendant's general denial, another of defendant's pleas can not be given in evidence to establish the allegation thus put in issue. But in that case the allegation sought to be established was one on which the plaintiff's cause of action was founded. In this case the effect of the plea of not guilty was, as a general denial, to put plaintiff upon proof of his title. The allegation of title under Clark in defendants is made a special plea seeking affirmative relief against the plaintiff, and the admission does not come within the rule announced in Duncan v. Magette. Sexton v. Rhames, 13 Wis., 99.

The allegations of both parties established that Clark was the common source of title. Admissions in plaintiff's supplemental petition established in favor of defendants, that Clark conveyed the lots to Moore, that

Moore conveyed them to Johnson, and that the deed from Clark to Moore was anterior to the inception of plaintiff's title from Clark. The allegations in the special plea of defendants Johnson and Ogden established in favor of the plaintiff that the deed from Clark to Moore did not convey the title to Moore, but that it remained in Clark, and that the deed from Moore to Johnson was made at Clark's instance to secure a debt due from Clark to Ogden. The allegations of course proved nothing for the party making them. Upon the demurrer to the evidence the court had before it upon the pleading and evidence a case which may be treated thus: Plaintiff had title from Clark, the common source, and Johnson and Ogden had a mortgage from Clark, antedating plaintiff's title, to secure a debt not proved, with neither possession nor right of possession in Johnson, the trustee, nor Ogden, the cestui que trust. The judgment was rightly rendered by the District Court for the plaintiff.

When plaintiff introduced the deeds from Clark to Moore and from Moore to Johnson, he stated that they were introduced solely to show that defendants claimed title under Clark, the common source. Defendants claim, and the Court of Civil Appeals decided, that plaintiff could not limit the effect of the evidence when introduced by him, but that it enured to the benefit of defendants to establish title in them.

Article 4802, Revised Statutes, was enacted in 1871, and is as follows: "It shall not be necessary for the plaintiff to deraign title beyond a common source, and proof of a common source may be made by the plaintiff by certified copies of the deeds showing a claim of title to the defendant emanating from and under such common source; but before any such copies shall be read in evidence they shall be filed with the papers of the suit three days before the trial, and the adverse party served with notice of such filing as in other cases; provided, that such certified copies shall not be evidence of title in the defendant unless offered in evidence by him, and the plaintiff shall not be precluded from making any legal objection to such certified copies or the originals thereof, when introduced by the defendant."

The judge who tried this case in the District Court held that the act applied to proof by original deeds as well as by copies. We are not satisfied that this is a proper construction of the act. But he also held, that at common law original deeds might be introduced to prove a claim under the common source, and when introduced for that purpose only they would not be evidence of title in the defendants unless introduced by them. In this we think the trial judge was correct. Article 4802, Revised Statutes, declares what was the common law, and applies it to another method of proof. Before this law was enacted certified copies could not be used except on accounting for absence of originals; this act changed the law in this regard only.

The learned judge who delivered the opinion of the Court of Civil

Appeals asks this question, in substance: If the law was the same before the enactment, why should the Legislature have embodied it in a statute? A large per cent of our statutes are but declaratory of the common law, and the enactment of a statute is no evidence that the law was different before it was enacted. The first part of the article, which reads, " It shall not be necessary for the plaintiff to deraign title beyond a common source," etc., unquestionably declares the common law, and applies it to the new mode of proof. It may as well be asked, why should the Legislature have embraced this in the act if it was the law before? The same reasoning would prove that because this is embraced in the statute, it was not the law prior to that time, which, of course would not be claimed. This statute would have been as effective if it had commenced with the language, " proof of a common source may be made by the plaintiff," etc., leaving off the proviso; the common law would have supplied the balance. It is not correct, that from the fact that it was embraced in the statute, we should conclude that it was not the law before that time. Doubtless the proviso was added out of abundant caution, lest the construction of the court might be as by the Court of Civil Appeals in this case.

We have found no decision directly upon this question. But upon principle we believe that in making proof of a common source of title the plaintiff has the right to introduce his evidence for that purpose only, and that when so introduced it will not be considered for the purpose of showing title in defendant, unless introduced by him. The proof of common source does not mean that defendant has title under the claim proved, but that he claims to have title under it. This is a part of the plaintiff's proof of his own title, for it is said that this is prima facie evidence that the common vendor had a good title.

In the case of Tapp v. Corey, 64 Texas, 594, it was agreed that both parties claimed title under a common source, and defendants failed to connect with that source. The court said: " The agreement found in the statement of facts is that both parties claim under a common source, but this does not admit that they had a regular chain of title leading up to this common source." That agreement did just what the introduction of the deeds accomplished in this case; that is, relieved the plaintiff from proving title beyond the common source.

It is true that when both parties claim title under a common source, the plaintiff must prove that he has the better title in order to recover; that is, the title produced by the plaintiff must be better than that produced by the defendant; but this rule does not require of the plaintiff to prove defendant's title in order to show his own to be superior. As said before, proof that defendant *claims* under the same vendor with plaintiff prima facie establishes plaintiff's title, back of the common source, and this may be done by showing a *claim* through a void deed. Steagall v. Huff, 54 Texas, 197; Burns v. Goff, 79 Texas, 236.

In Burns v. Goff a number of instances are given in which common source may be proved by void deed.   To illustrate, let us suppose that the defendant claims title to land in suit under sheriff's deed, and for the purpose of proving a common source, plaintiff introduces the sheriff's deed; will this relieve the defendant from showing a valid judgment and execution ?   If plaintiff claims land in suit from A, and defendant files a deed from A to himself for the land, and gives notice that he will intro-duce it in evidence, to which plaintiff puts in an affidavit of forgery, and upon the trial plaintiff introduces the deed to show that defendant claims under A, will this relieve defendant from proving the execution of the deed; or if in fact it be a forgery, will it prove title in defendant be-cause plaintiff introduced it?   In neither case would it be held that the production of the deed by plaintiff proved *title* in the defendant.

In a proper state of the pleadings the plaintiff in a suit for land may introduce evidence for the sole purpose of proving that defendant claims from a common source with himself, and such evidence will not prove title in defendant unless offered by him.   In this case, however, the plead-ings eliminated this question.   Plaintiff alleged the making of the deeds, and that they were fraudulently made.   If defendants had filed no special plea, it would have been necessary for plaintiff to prove the invalidity as alleged.   If there had been no special pleading as to title by either, then plaintiff might have introduced the deeds to prove common source, limit-ing the effect of the evidence to proof of claim under common source, and defendant must have introduced the deeds to prove his title.   The deeds being older than plaintiff's title from Clark, plaintiff could then have proved that such deeds were void for fraud or that they consti-tuted a mortgage, and failing in any proof impeaching the deeds, would fail to recover.

The Court of Civil Appeals erred in holding that the deeds introduced by plaintiff in this case to show common source established title in the defendants, and in reversing the judgment of the District Court and ren-dering judgment for defendants.   The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Affirmed.*

Delivered January 22, 1894.